**Rubilee Jones BUCHAN, Appellant,**

v.

**Glenn Carl BUCHAN, Independent Executor of the Estate of R. C. Buchan, Deceased, Appellee.**

**No. 1265.**

Court of Civil Appeals of Texas, Tyler.

Nov. 20, 1979.

Rehearing Denied Jan. 10, 1980.

---

Thomas J. O'Meara, Jr., Schaubhut & Smith, Austin, for appellant.

Sam R. Perry, Sneed, Vine, Wilkerson, Selman & Perry, Austin, for appellee.

SUMMERS, Chief Justice.

In this divorce action, the wife-appellant has appealed from that portion of the judgment imposing an equitable lien on certain real property in Hays County to enforce certain rights of husband-appellee in such property. R. C. Buchan died after the initiation of this suit and his rights herein have been prosecuted by the independent executor of his estate.

Rubilee Jones Buchan and R. C. Buchan were married on January 26, 1977. At the time of marriage Mr. Buchan was seventy (70) years of age, and Mrs. Buchan was fifty-one (51) [the marriage being her third and his second]. This union lasted exactly four months before the couple separated.

The land involved in this suit was the separate property of appellant Mrs. Buchan. Prior to her marriage, however, she executed a lease under which she rented and leased to Mr. Buchan, as a co-tenant, an undivided one-half (½) interest in a 4.962-acre tract out of appellant's entire 160-acre tract. The term of the lease was for fifteen (15) years, ending in 1991. Appellee spent in excess of $80,000.00 building a house on the leased premises, such improvement being part of the consideration for the lease given by appellee. There was a specific clause in the lease which stated that a marriage between the parties would not alter, affect or amend the lease agreement.

Before the house was completed the couple did marry, but a short time after the Buchans moved into the house, Mrs. Buchan filed for divorce, alleging the marriage had become insupportable because of discord or conflict of personalities, and requested the court to order a division of the estate of the parties. Mrs. Buchan thereafter refused Mr. Buchan entry onto the land described in the lease agreement, and also refused him entry into the house he had built on such land. Appellee Mr. Buchan filed an original answer and a cross-petition for divorce and partition, asking the court to partition the parties' interest in the real property described in the lease agreement.

The suit was tried before the court without a jury. After the trial the court rendered judgment granting petitioner Rubilee Jones Buchan a divorce, and, among other things, finding that the lease agreement was never expressly revoked and was still in full force. In order to divide the parties' rights in the leased premises, the court imposed an equitable lien on such property to secure the payment of $45,000.00 to R. C. Buchan, this being the value the court put on Mr. Buchan's leasehold interest in the

property. The appellant appeals solely from that part of the judgment imposing the equitable lien on the leased property.

We affirm.

■ The record before us is without findings of fact or conclusions of law. Under these circumstances, the well-settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.—Tyler 1965, no writ).

Appellant's appeal is predicated upon five points of error alleging that the court erred in imposing an equitable lien on the property because (1) the court, in doing so, divested appellant of her separate realty, (2) the court fixed a lien upon the homestead of appellant to secure the payment of $45,-000.00 representing the value of appellee's possessory interest in an undivided one half (½) in the homestead when there was no evidence before the court of the value of that possessory interest, (3) there was no evidence of the enhancement of value of the realty by virtue of the improvements placed upon the property by appellee, (4) there was no pleading or prayer to give appellant any notice that such relief would be sought, and (5) ordering the foreclosure of the equitable lien in the event the $45,-000.00 charge for improvements was not paid because such a lien is inferior to the homestead right of appellant.

Appellant contends that the trial court, by awarding appellee an equitable lien in appellant's separate real property, has divested appellant of her separate realty and has transferred title to appellee. We reject such contention. It is undisputed that appellant owned the land in question as her separate property before, during and after her marriage to appellee. Appellant bases her argument on the case of *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977), where the Supreme Court ruled that a court cannot divest one spouse of separate real property upon divorce, because if allowed, such would change the constitutional definition of separate property. We are of the opinion that the particular circumstances in the instant case distinguish it from *Eggemeyer*. We are not here dealing with a divestiture of title. Appellant, for valuable consideration, conveyed to R. C. Buchan, appellee herein, an interest in the real property in question, and then refused to honor that conveyance. Mrs. Buchan testified that she knows of no way after the divorce how she and R. C. Buchan could both have possession as co-tenants of the 4.962-acre tract and house that R. C. Buchan had built as part of his consideration for the lease agreement. She did not want appellee to live there, nor would she be willing to have R. C. Buchan live there and pay her half the rental value, nor did she want to live there and pay him half the rental value, nor did she want the property sold. Mrs. Buchan wanted the property and house for herself. The trial court was thus faced with the duty to divide the property upon divorce, and dispose of the parties' interest in the leasehold estate.

■ Pursuant to sec. 3.63 of the Texas Family Code, the trial court was obligated to order a division of the estate of the parties in a manner that the court deemed to be just and right, having due regard for the rights of each party. In performing this judicial duty the trial court is given wide discretion in disposing of all of the property of the parties, and such action in the exercise of such discretion will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. *Hailey v. Hailey*, 160 Tex. 372, 331 S.W.2d 299 (1960); *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1951); *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Brunell v. Brunell*, 494 S.W.2d 621, 622 (Tex.Civ.App.—Dallas 1973, no writ). The court may be controlled by what the facts may lead him to believe is just and right. This discretion, however, does not extend to the taking of the fee to the separate property of one and its donation to the other. *Eggemeyer v. Eggemeyer*, supra at 142. The trial court

was faced with the burden of adjusting the equities between the parties regarding the leasehold estate, and the court imposed an equitable lien on the 4.962-acre tract of land to secure the payment of the sum of $45,-000.00 to R. C. Buchan.

 The question presented, in light of the unusual facts surrounding the lease agreement and subsequent short-term marriage, presents a problem that appears to be one of first impression and as usual is not free of difficulty. It is well settled in Texas law that it is the object and purpose of the law to compensate a tenant who has been wrongfully dispossessed or evicted from the premises for the actual loss he has sustained. *B. F. Avery & Son's Plow Co. v. Kennerly*, 12 S.W.2d 140, 141 (Tex.1929); *McNabb v. Taylor Oil Field Rental Co.*, 428 S.W.2d 714, 717 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.). Such has happened to appellee. The record reveals that appellee spent over $80,000.00 in building the house on the leased premises, as was his obligation under the lease agreement. The house covered over 2,600 square feet, contained four bedrooms, three baths, had central air conditioning, central heat, and was fully paid for. There was also some testimony that the value per acre of the land in question (4.962 acres) was $1,500.00 per acre. The court found the value of R. C. Buchan's leasehold interest was $45,-000.00. We find no abuse of discretion in this award by the trial court.

 There was no actual divestiture of appellant's separate real property by the trial court as was the case in *Eggemeyer.*. The trial court is vested with authority under the laws of this state to fix a lien on separate estates for the discharge of payments to the former spouse by the owner of the property. *Bell v. Bell*, 540 S.W.2d 432, 441 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *In re Marriage of Jackson*, 506 S.W.2d 261, 267 (Tex.Civ.App.—Amarillo 1974, writ dism'd); *Mea v. Mea*, 464 S.W.2d 201, 206 (Tex.Civ.App.—Tyler 1971, no writ); *Mozisek v. Mozisek*, 365 S.W.2d 669, 670 (Tex.Civ.App.—Fort Worth 1963, writ dism'd); *Smith v. Smith*, 187 S.W.2d 116, 120–21 (Tex.Civ.App.—Fort Worth 1945, no writ); *Hursey v. Hursey*, 165 S.W.2d 761, 765 (Tex.Civ.App.—Dallas 1942, writ dism'd). The law classifies this remedy as one founded in equity, and the rights of the respective parties are to be determined by principles of equity, both as to the amount and the means of enforcing its payment. The application of these principles does not mean that a party is divested of title to real property. True, it may finally result in the loss of title if sold under execution, but the ultimate divestiture by foreclosure is essentially voluntary, since the owner has the option to prevent this by complying with the court's order to pay. *Smith v. Smith*, supra at 121; McKnight, Division of Texas Marital Property on Divorce, 8 St. Mary's L.J. 413, 446–47 (1976).

Regarding the question of whether or not the court has the authority to impose an equitable lien on the homestead of appellant to secure payment to appellee of the $45,000.00, we are of the opinion that the court can do so. We are not here dealing with the imposition of a lien to secure the payment of just any debt. The lien is for the purpose of restoring to appellee something akin to his interest in such property. Mr. Buchan had a possessory interest in the property under the terms of the lease agreement executed between himself and appellant, and had also expended over $80,-000.00 of his separate funds helping to create the homestead by building a house on the tract of land. As stated above, a court can fix a lien on separate estates for the discharge of payments to the former spouse by the owner of the property. See *Bell v. Bell*, supra, and other cases cited above. Additionally, there is no legal prohibition in awarding appellee a judgment for a sum of money found by the court to represent a fair value of his interest in the homestead property that was awarded to appellant, and also grant to appellee a lien upon appellant's property to secure the payment of the amount found by the court to be fair and just under the circumstances. *Brunell v. Brunell*, supra at 623. Although the homestead property in *Brunell* appears to be a

community property homestead, the trial court here, dealing with a separate property homestead subject to a 15-year lease in favor of appellee, did not abuse its discretion by fixing an equitable lien on the homestead property to secure payment of the judgment to appellee. Appellant's first and fifth points of error are overruled.

Appellant contends that the court erred in imposing an equitable lien on her separate real property because there was no evidence of the enhancement of value of the realty by virtue of the improvements placed upon the property by appellee, and that there was no evidence before the court of the value of appellee's undivided one-half possessory interest in the tract, and further that there was no pleading or prayer to give appellant any notice that such relief would be sought.

■ In determining a "no evidence" point, which is a question of law, we consider only that evidence, if any, and the reasonable inferences therefrom, which viewed in its most favorable light, supports the finding of the trial court and we must reject all evidence and inferences which are contrary to the finding. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Biggers v. Continental Bus Systems, Inc.*, 157 Tex. 351, 303 S.W.2d 359, 363 (1957); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696, 698 (1914).

■ Appellant correctly states the rule of law concerning reimbursement, and that is that the amount of reimbursement should be determined by the amount of enhancement in value rather than the amount expended. *Lindsay v. Clayman*, 151 Tex. 593, 254 S.W.2d 777, 781 (1952); *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620, 628 (1935). However, the circumstances involved in this suit do not concern reimbursement; rather, it concerns the value of appellee's leasehold interest in the 4.962-acre tract of land with improvements placed thereon. In any event, it is uncontroverted R. C. Buchan, appellee, expended over $80,000.00 of his separate funds to build the house, and there is also some evidence of the value per acre of the lease-

hold property, such being $1,500.00 per acre. According to the terms of the lease, Mr. Buchan was to be regarded as a co-tenant, to have the same rights in and to the use of the leased premises as lessor, the appellant, Rubilee Jones Buchan. We are of the opinion that there was ample evidence from which the court could have inferred the value of appellee's leasehold interest in the property. There are facts and circumstances to support the trial court's disposition of the property, as the court must consider all the evidence so that the division upon divorce is just and right. *Bell v. Bell*, supra at 436. Absent a showing of an abuse of discretion on the part of the trial court, such division will not be disturbed on appeal. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974); *Hedtke v. Hedtke*, supra 248 S.W. at 23; *Collins v. Collins*, 540 S.W.2d 497, 498 (Tex.Civ.App.—Tyler 1976, no writ); Tex. Family Code, sec. 3.63 (1975). We find no abuse of discretion. Appellant's second and third points of error are overruled.

■ With respect to pleadings under Section 3.63 of the Family Code, the rule is settled that the trial court has authority to construe the pleadings more liberally than in other civil cases. *Poulter v. Poulter*, 565 S.W.2d 107, 110–111 (Tex.Civ.App.—Tyler 1978, no writ); *Zaruba v. Zaruba*, 498 S.W.2d 695, 698 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Bagby v. Bagby*, 186 S.W.2d 702, 704–5 (Tex.Civ.App.— Amarillo 1945, no writ).

■ The record reveals that appellee filed a cross-action for divorce and partition of the land described in the lease between appellee and appellant, and also prayed for "such other relief, special or general, as Respondent (appellee) may show himself entitled to receive."

The record further reveals that the parties to this suit, or counsel for the parties had been "actively engaged" in attempting to arrive at a solution regarding the property in question for months before trial. Appellant has no basis to claim surprise or that she had no notice an equitable lien might be imposed. Mrs. Buchan knew the property

designated in the lease agreement, and the parties' respective rights thereto was a hotly contested issue. It was also established that some disposition concerning the property had to be made by the trial court. We believe the pleadings and prayer adequately support the judgment. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.