James Howard DUKE, Appellant,

v.

Barbara Jill DUKE, Appellee.

No. 6841.

Court of Civil Appeals of Texas,
El Paso.

July 30, 1980.

Rehearing Denied Sept. 24, 1980.

Texas S. Ward, El Paso, for appellant.

Schwartz, Earp, McClure, Cohen & Stewart, David R. McClure, Gordon Stewart, El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal of the property division portion of a divorce judgment. The case was tried to the Court without a jury. Questions are presented as to whether property acquired at the time of marriage is separate or community, whether the Court erred in piercing the corporate veil and declaring it the alter ego of a husband, and whether the separate property of the husband can be subjected to a lien to secure a note to the wife. We modify the judgment of the trial Court, and, as modified, it is affirmed.

The parties were married on May 18, 1969, and divorced by judgment dated October 6, 1978. No children were born of the marriage, and this appeal involves only the division of property. By its judgment, the trial Court awarded to each party certain property which it found to be that party's separate property. The property found to be community property was valued at $680,-758.00, and that property was divided by awarding the wife property valued at $120,-458.00 and awarding the husband property valued at $560,300.00. The Court, by way of owelty, ordered the husband to execute a promissory note to the wife in the sum of $226,249.46, payable in 144 monthly installments of $2,449.08 each.

Appellant's Point of Error Number One is that the District Court erred in awarding

the real property described as 8617 McFall Drive, El Paso, Texas, to Appellee because the undisputed testimony shows the inception of the title to such property is a "Texas Contract of Sale" entered into by Appellant prior to the marriage, and the earnest money was paid prior to the marriage by Appellant, and such property was his separate property.

The parties were married May 18, 1969. The property in question was conveyed to them by warranty deed, executed on June 3, 1969, naming each of them as grantee. The earnest money contract in question had been entered into prior to their marriage, but it provided that the property would be conveyed to "James H. Duke and wife, Barbara J. Duke." This contract was signed only by Appellant, and his testimony was that he paid the $500.00 earnest money. Under the terms of the contract, that earnest money is listed as part of the consideration. Title to the property was by the deed and, being in both of their names and acquired during marriage, prima facie establishes that the property is community property. *Brock v. Brock*, 586 S.W.2d 927 (Tex.Civ.App.—El Paso 1979, no writ). Title is from the deed, and the contract of sale is merged in it. Justice Norvell stated the prevailing rule in *Commercial Bank, Unincorporated, of Mason, Texas v. Satterwhite*, 413 S.W.2d 905 (Tex.1967):

> It is a rule of general application that in the absence of fraud, accident or mistake, all prior agreements entered into between the parties are considered merged in the deed. *Barker v. Coastal Builders, Inc.*, 153 Tex. 540, 271 S.W.2d 798 (1954), citing *Woods v. Selby Oil & Gas Co.*, 2 S.W.2d 895 (Tex.Civ.App., 1927, affirmed 12 S.W.2d 994, on recommendation of Commission of Appeals), 19 Tex.Jur.2d 514, Deeds, sec. 190.

Point of Error Number One is overruled.

Appellant was the owner of 100% of the shares of a corporation known as the Consolidated Brokerage Company of El Paso, Inc. The corporation was formed in December, 1973, while the marriage was in existence. Appellant contends that the trial Court erred in declaring this corporation community property as it originated from a partnership of which he was 10% owner prior to marriage, and that he held an option for another 15% which he exercised after marriage from separate community funds. Thus, Appellant contends that he should have a percentage of the corporation as separate property. Without discussing the details of the fact that Appellant was unable to trace his separate funds into the corporation, we hold that the failure to find a portion of it to be separate property is harmless error, since the entire property was awarded to Appellant. If a portion of the corporate property was the separate property of Appellant, that would be a factor in determining the fairness of the division of all the property of the parties. It would only be reversible error if it caused the overall property division between the parties to be inequitable to the extent of being an abuse of discretion. *Humphrey v. Humphrey*, 593 S.W.2d 824 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd).

Appellant urges that the evidence is insufficient and against the great weight and preponderance of the evidence for the Court's finding of the value of the corporation as $519,467.64. As noted above, such a finding would be reversible error only if it caused the overall property division between the parties to be inequitable. Nevertheless, we have examined the evidence and concluded that the finding does support the evidence. The corporation is a service organization without inventory, and its value is in intangible contract rights. It is a broker and food products business, and its income is from sales commissions. Two witnesses testified that a formula used in the food brokerage business for evaluating such businesses was 1 times the gross annual commissions, plus book value of the assets, less the liabilities. Appellee, who had been in the business nine years, used the same formula only with 1½ times the gross annual commissions. The Court apparently arrived at its figure by using a 1.25 times gross annual commissions, plus the assets less the liabilities. This was within the

range testified to be the experts, and there is evidence of the gross annual commissions to support the figure arrived at by the Court.

There are no findings of fact by the Court, and in the absence thereof we must presume that the Court found each and every fact necessary to support its judgment. *Goodyear Tire and Rubber Company v. Jefferson Construction Company*, 565 S.W.2d 916 (Tex.1978).

Section 3.63 of the Tex.Family Code Ann. (1975) provides that the court, on granting a divorce, shall order a division of the estate of the parties in a manner that the court deems "just and right." By recent Supreme Court decisions, the estate of the parties to be divided is the community estate. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977); *Campbell v. Campbell*, 23 Tex.Sup.Ct.J. 391 (June 7, 1980). Appellant urges that the division of the community property was so unequal as to be erroneous. Under the two above authorities, we consider the community property only in connection with this point of error but we recognize the importance of correctly determining the character of the property as separate or community. In passing on the point of error, we do so under the long recognized rule that there is a presumption that the trial court correctly exercised its discretion in dividing the property. The role of the Court of Civil Appeals is to determine only if there is an abuse of discretion. *Smith v. Smith*, 569 S.W.2d 629 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976). In ordering a division of the community estate, the court may consider a variety of factors including health, capacities and abilities of the parties, disparity in earning powers and business experience, and the nature and potential of the property itself. *Smith v. Smith*, supra; *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974). We have reviewed the evidence under these principles, and we overrule the point of error.

In its judgment, the trial Court found that the Consolidated Brokerage Company of El Paso, Inc., is, in fact, the alter ego of the Appellant. Based on that finding, it then made certain orders directed to the corporation. It was ordered that the respondent, individually, and on behalf of the corporation, execute a promissory note in the principal sum of $226,249.46, payable to the Appellee. It was also ordered that the note be secured by the execution of a security interest in the property of the corporation. Since the corporation was not a party to this cause, such orders are void unless the Court was correct in its finding of alter ego and piercing the corporate veil. We hold that the evidence is insufficient to establish the necessary elements for the piercing of the corporate veil, based on the finding that the corporation was the alter ego of the Appellant.

The Supreme Court has very recently reiterated the test for disregarding the corporate entity and finding that a corporation is an alter ego to justify piercing the corporate veil. *Torregross v. Szelc*, 603 S.W.2d 803, (1980):

The basic rule set forth in *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340 (1955), and reaffirmed by this Court in *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex.1962), and in *Bell Oil & Gas Co. v. Allied Chemical Corp.*, 431 S.W.2d 336 (Tex.1968), is as follows:

'Courts will not disregard the corporation fiction and hold individual officers, directors or stockholders liable on the obligations of a corporation except where it appears that the individuals are using the corporate entity as a sham to perpetrate a fraud, to avoid personal liability, avoid the effect of a statute, or in a few other exceptional situations.'

In support of the Court's alter ego finding here, Appellee cites the facts that (1) all stock was in Appellant's name; (2) Appellant controlled all financial aspects of the corporation; (3) the incorporation was for tax purposes; and (4) Appellant used corporate funds to make four monthly ali-

mony pendente lite payments to Appellee. That money was repaid to the corporation prior to trial. These matters are not evidence of "sham to perpetrate a fraud" or to "avoid personal liability" or "avoid the effect of the statute." The briefs and the record before us do not raise any "exceptional situation." Our search of the record reveals no other evidence possibly bearing on the alter ego question.

A most recent case involves piercing the corporate veil in a divorce case. *Humphrey v. Humphrey*, 593 S.W.2d 824 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ dism'd). There, as here, the corporation was entirely owned by the husband and the trial court refused to submit a special issue inquiring whether the corporation was the alter ego of the husband. In upholding that action of the trial court, the Court of Civil Appeals stated the rule that the legal fiction of the corporate entity may be disregarded where action is used as a means of perpetrating a fraud or is relied upon to justify a wrong. This, said the Court, is an exception to the general rule which forbids disregarding corporate existence or entity, and is not to be applied unless certain elements are shown:

> There must be such unity that the separateness of the corporation has ceased and an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice. *First Nat. Bank in Canyon v. Gamble*, 134 Tex. 112, 132 S.W.2d 100 (1939); *Sidran v. Tanenbaum*, 391 S.W.2d 93 (Tex.Civ. App.—Dallas 1965, no writ).

In the case before us, there is no evidence that the separateness of the corporation has ceased to exist, or that the conduct of the Appellant, as president and sole stockholder, has resulted in any fraud upon or injustice to the Appellee, or to any third party. We hold that the Court erred in finding that the corporation was the alter ego of Appellant.

The judgment ordered Appellant to execute a deed of trust lien on Lot 3, Block 11, Colonia Verde, Unit Two, City of El Paso, which the Court had found to be Appellant's separate property. This appears to be contrary to the Supreme Court's decision in *Eggemeyer v. Eggemeyer*, supra. It was there held that the estate to be divided, within the meaning of Article 3.63 of the Tex.Family Code, is the community estate, and the title to the separate realty of one spouse may not be divested and awarded to the other. In the case before us, the Court has placed a deed of trust lien on the husband's separate property for the benefit of the wife. If that lien is to have any meaning and be enforced, then he can be, by such enforcement, divested of his realty. If it is not enforced or foreclosed, it still divests him of some title in his realty for it is unmarketable while under such lien. As Chief Justice Greenhill noted in his dissent in *Campbell v. Campbell*, supra:

> A person's right to property extends not only to fee title, but also to the use and enjoyment of that property. *Spann v. City of Dallas*, 111 Tex. 350, 235 S.W.2d 513 (1921).

We conclude that the Court erred in ordering the deed of trust on Appellant's separate realty. *Campbell v. Campbell* followed *Eggemeyer v. Eggemeyer*, and holds that a party may not be divested of his personal property in a property division decree under Section 3.63. We apply the same reasoning as we did on the realty and hold that the Court erred in placing Appellant's separate personal property, acquired prior to marriage, under a security agreement for Appellee's benefit.

By this opinion, and by way of summary, the specific portions of the judgment reversed are:

The holding that Consolidated Brokerage Company of El Paso, Inc., is the alter ego of Appellant; the provision that the note from Appellant to Appellee in the amount of $226,249.46 be executed by the corporation and that such note be secured by the vested assets of the corporation; the order that the corporation execute a lien and security interest agreement, as attached to the judg-

ment's exhibits; the provisions that Appellant execute a deed of trust and security agreement covering the property found to be his separate property, to–wit, the real property located at 5609 Calgary, El Paso, Texas, described as Lot 3, Block 11, Colonia Verde, Unit Two, and the shares of stock listed under Item 5, Page 3, of the judgment; all orders directed to the Consolidated Brokerage Company of El Paso, Inc., and all orders directing the Appellant to act in behalf of such corporation are reversed. The judgment is modified by the above reversals and, as so modified, it is affirmed.