Theresa Elizabeth BROOKS, Appellant,

v.

Cecil Stanley BROOKS, Appellee.

No. 6208.

Court of Civil Appeals of Texas,
Waco.

Jan. 29, 1981.

Adrian M. Burk, Burk & Callahan, Houston, for appellant.

Bill Palmos, Palmos & Russ, Hearne, for appellee.

## OPINION

JAMES, Justice.

This is a divorce case. Appellee husband· filed a petition for divorce in March, 1979. Appellant wife filed her cross-petition for divorce in April, 1979. After trial before the court without a jury, the court granted the parties a divorce and made a partition of the community property. There were no requests for or filing of Findings of Fact and Conclusions of Law made in this case.

Appellant and Appellee were married January 17, 1973. They ceased living together as husband and wife on March 12, 1979. There were no children born to this marriage and no children were adopted by the parties. Each of the parties owned certain separate properties at the time of the marriage, and community property rights were acquired by them during the marriage. Appellee Mr. Brooks, Appellant Mrs. Brooks, and her two children from a prior marriage were supported solely through funds of Appellee husband's company, Brooks Construction Company, Inc. The corporation was in existence and operating on the date of the marriage, Appellee Mr. Brooks being the sole owner thereof. The corporation was treated as the alter ego of Appellee. The parties accumulated a community estate from the operation of such corporation.

Appellant Mrs. Brooks asserts that the trial court abused its discretion in making the division of community property that it did, and particularly complained that said court's awarding of $48,020.88 from the sale of community property to reimburse the alter ego corporation of the Appellee husband constituted an abuse of discretion, and that the evidence to support such award was factually insufficient; moreover, the Appellant wife complained of the trial court's awarding of $7392.68 from the sale of community property to reimburse the Appellee husband for decrease and loss during the marriage of cash values of life insurance policies on Appellee Mr. Brooks's life, and that the evidence to support such award was factually insufficient; that said court erred in decreeing that the community estate was allowed a reimbursement or was entitled to a lien on the Appellant wife's separate property; and that the trial court abused its discretion in its refusal to award attorney's fees to the Appellant wife. We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties, and that discretion will not be disturbed on appeal unless the court has clearly abused its discretion. Section 3.63, Vernon's Texas Code Annotated, Family Code; *Bell v. Bell* (Tex.1974) 513 S.W.2d 20; *McKnight v. McKnight* (Tex.1976) 543 S.W.2d 863.

The trial court's judgment made provision for adjudication of the property rights of the parties in the following language:

"IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED that the property rights of the said parties be divided and vested in each of them as follows:

1). That the house and lots at 604 Magnolia Street in the City of Hearne, Texas, being the home of the parties, be sold. That out of the sale of the same that the mortgage that is due and owing on the house and the cost of the sale be paid out of

the proceeds. That from the net balance, the following sums of money, debts, obligations and division of funds are hereby awarded:

a). The court finds that Brooks Construction Company, Inc. is a corporation and was used in the capacity as an Alter Ego, as Cecil S. Brooks was the owner of all of the stock of the said corporation, and the same was his separate property and estate, owned by him prior to marriage. That there is hereby awarded out of these funds to Cecil S. Brooks for Brooks Construction Company, Inc., the sum of $48,020.88 which represents the loss in corporate assets suffered by the corporation during the marriage and used for the purchase and payment of the community assets now owned by the parties.

b). To Cecil S. Brooks there is hereby awarded the sum of $2,500.00 for the payment of the 1978 income taxes, and the said Cecil S. Brooks shall be liable and shall pay the same.

c). That Cecil S. Brooks owned certain life insurance policies on his life prior to his marriage as his separate property, with no debts and obligations against the same. That during their marriage liens were made against these insurance policies for community expenditures and community assets. Thus, there is awarded to Cecil S. Brooks out of the sale of the house the sum of $7,392.68 which represents the decrease and loss of cash values of his life insurance policies suffered during their marriage. Likewise he shall be personally liable for all loans, debts and obligations charged against such life insurance policies and shall pay the same as they become due and owing and that shall remain charged against the same. Cecil S. Brooks is hereby awarded full ownership of all of such policies.

d). The balance of the money received from the sale of the home at 604 Magnolia Street, Hearne, Texas, after the payment of the above listed accounts, is hereby divided equally into two (2) accounts in the name of Theresa E. Brooks and Cecil S. Brooks so that one-half thereof shall shall be the separate property of each. However, the court finds that community funds in the total sum of $24,300.00 was advanced and used by Theresa E. Brooks, during the marriage of the parties, to make house payments, taxes and insurance payments on her separate property located and situated at 5526 Spellman Street in Houston, Harris County, Texas. That Cecil S. Brooks is entitled to a payment of one-half of this sum, which is $12,150.00. Therefore, there is a charge against the portion of this balance set aside to Theresa Brooks, which is hereby declared to be her separate property, the sum of $12,150.00. It is hereby ordered that out of her portion there shall be paid to Cecil S. Brooks the sum of $12,150.00, and that this is a charge against her separate property as set out herein and the same shall be satisfied before these funds are disbursed.

Should the above action be declared to be contrary to law, then and in that event, there is hereby fixed and charged against her separate property, being 5526 Spellman Street, Houston, Texas, a lien in the sum of $12,150.00 for the community funds so used belonging to Cecil S. Brooks, and the said Cecil S. Brooks shall have the right to payment in full of this sum within 60 days after the sale of the home at 604 Magnolia Street, Hearne, Texas, as set out above, or he is specifically given the right to enforce such payment by a foreclosure of the lien upon the property located at 5526 Spellman Street, Houston, Texas.

e). That the balance of the money is divided equally between Theresa E. Brooks and Cecil S. Brooks.

2). That the antique cars and the 2 Certificates of Deposit in the Harrisburg Bank, Houston, Texas; the 2 Certificates of Deposit in the First State Bank, Hearne, Texas; and the Certificate of Deposit in the Ben Milam Savings Association, Cameron, Texas, in the grand total of $35,000.00 is hereby declared to be the separate property and estate of Cecil S. Brooks and he is the owner thereof.

3). That Brooks Construction Company, Inc. is a corporation and was used in the capacity as an Alter Ego, and the same is the separate property of Cecil S. Brooks,

owned by him prior to the marriage. That he is still declared to be the owner thereof, and title is vested in him to the corporation and its assets, including the 1976 Cadillac car. Likewise, he is personally liable for all of the debts, bills and obligations due and owing by the said corporation.

4). That the household goods, furniture and personal effects listed in the inventory as the separate property of Cecil S. Brooks, in the sum of $7,744.00, is his separate property and he shall have the right to remove the same from the home in Hearne, Texas.

5). That the household goods, furniture and personal effects listed in the inventory as the separate property of Theresa E. Brooks in the sum of $21,993.00, is her separate property, and she shall have the right to remove the same from the home in Hearne, Texas.

6). That the remainder of the household goods, furniture, wares, linens, etc. as listed on the inventory and appraisement filed in the said cause, as being community property between the said parties, is hereby ordered to be divided equally between the said parties, with each of them to receive an undivided one-half thereof. The net value being listed at approximately $28,065.00. Should the said parties be unable to reach an agreement for the partition and division of the same within 60 days after the entry of this judgment, then and in that event, the same shall be ordered sold and the cost of the sale deducted therefrom and the remaining balance divided equally between the parties.

7). That the house and lot at 5526 Spellman Street in Houston, Texas, is the separate property of Theresa E. Brooks.

8). That the 89.90 acres in Robertson County and the 34.44 acres in Matagorda County is the separate property and estate of Cecil S. Brooks.

9). There is hereby awarded to Theresa E. Brooks the following:

a). The store building in Calvert, Texas, in which Accent Collections is located and operated together with all debts and liens against the same.

b). The complete inventory of Accent Collections located in the store and in the home together with all debts, bills and obligations of the business.

c). One-half of the household goods and furniture and wares in the home in Hearne, Texas.

d). Savings account and checking account in the Planters & Merchants State Bank in the account or name of Accent Collections.

e). Checking account in First State Bank, Hearne, Texas.

10). There is hereby awarded to Cecil S. Brooks the following:

a). Motor Home and all debts and liens against the same.

b). 2238 Lou Ellen Street property in Houston, Texas, together with all debts and liens against the same.

c). Retirement Plan Benefits and funds accumulated during marriage.

d). 50 shares of stock in Harrisburg Bank, Houston, Texas.

e). One-half of household furniture, goods, wares, etc. in the home in Hearne, Texas.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all attorney fees prayed for by Theresa E. Brooks are hereby denied."

■ From the record before us we cannot say that the trial court abused its discretion in making the property division that was made.

■ We now address the more specific complaints made by Appellant. The first is that of the trial court's award of $48,020.88 from the sale of the home place (community property) to reimburse the alter ego corporation of the Appellee husband. Appellant asserts that the court abused its discretion in making such reimbursement, and that the evidence to support such award is factually insufficient. We do not agree. Brooks Construction Co., Inc. was a corporation which was organized in or about the year 1966 and was a going concern for some

years prior to the marriage of Appellant and Appellee in 1973. This corporation operated primarily in the Houston, Texas, area, and was wholly owned and operated by Appellee Mr. Brooks. The trial court's judgment recited that the sum of $48,020.88 —"represents the loss in corporate assets suffered by the corporation during the marriage and used for the purchase and payment of the community assets now owned by the parties." This finding contained in the trial court's judgment is amply supported by the evidence. The corporation was the vehicle out of which came the money that paid not only the living expenses of Mr. and Mrs. Brooks and Mrs. Brooks's two minor children by a former marriage, but also was the source of the money to acquire and pay for the community property accumulated by the parties during the six years of marriage. Out of the corporation, payments on the store building in Calvert, Texas, were made, the merchandise and inventory of "Accent Collections" (the community business enterprise located in the Calvert store building operated by Mrs. Brooks) were paid for, payments on the home place in Hearne, Texas, were made, car payments made, and furniture and other personal property were acquired and paid for. That is to say, all of the community assets owned by the parties at the time of the divorce were purchased and paid for by and through the corporation. During the marriage, the parties withdrew from the corporation $166,575.00, which went to pay for living expenses as well as the acquisition of and paying for community assets. Voluminous record evidence was presented, including corporate records, corporate income tax returns for all pertinent years as well as individual income tax returns for such years. Brooks Construction Co., Inc. had a net worth at the time of the marriage in 1972 of $63,266.00, with total assets at said time of $129,506.00 less corporate debts of $66,240.00. At the time of the divorce in 1979, the corporation had a net worth of $15,245.12, with total assets of $242,159.13 less corporate debts of $226,914.01. Thus it is seen that the parties not only withdrew from the corporation all the money it earned during the marriage, but in addition thereto the parties withdrew an added $48,020.88 from the corpus or capital structure of the corporation. The community assets acquired by the parties during the marriage was greatly in excess of $48,020.88, together with other reimbursements made to Appellee Mr. Brooks hereinafter discussed. Appellant strongly contends that there was no evidence of anything other than income from the corporation being used to acquire community property and to pay community debts. We do not agree. The figures above shown clearly point out, in our opinion, that during the marriage the parties not only withdrew from the corporation *all* the money it made, but $48,020.88 in addition thereto. Appellant further contends that there was such a commingling of Mr. Brooks's separate property with community property that no reimbursement should be made to Mr. Brooks. As we see it, there was no commingling of the corporate funds with community funds, because all of the funds concerned were withdrawn *from* the corporation and *none deposited into the corporation.* In summary, here was a corporation which was a going concern and wholly owned by Appellee Mr. Brooks at the time he married Appellant Mrs. Brooks, worth $63,266.00 at the time of the marriage; during the six years of marriage the parties drew $166,575.00 out of the corporation for living expenses and the acquisition of a sizeable community estate, thereby spending during such six year period not only all the corporation earned during the marriage, but also depleting the corpus of the corporation by $48,020.88. The right of reimbursement is an equitable doctrine. To us it seems fair and equitable under this record for the trial court to reimburse Appellee Mr. Brooks for this capital depletion, particularly where it is undisputed that the community estate acquired by the parties substantially exceeds the amounts reimbursed to Appellee.

■ Next, Appellant complains of the trial court's awarding of $7392.68 out of the sale of the community home place to reimburse Appellee Mr. Brooks for "the decrease

and loss of cash values of his life insurance policies suffered during the marriage." Appellant says in doing so the trial court abused its discretion, and the evidence is factually insufficient to support said reimbursement. We do not agree with these contentions, and find that there is ample evidence to support such award. These life insurance policies were owned by Mr. Brooks prior to the marriage, and were his separate property. At the time of the marriage these policies had a cash value of $17,210.50, with no loans against them. In contrast therewith, on August 31, 1979, the cash values were $37,760.50 against which were loans in the amount of $27,942.68, leaving a net cash value total in 1979 of $9817.82. These policies being the separate property of Mr. Brooks, and he having suffered a net loss of $7392.68 during the marriage, we cannot say the trial court abused its discretion in reimbursing Mr. Brooks for this amount, particularly since the value of the community estate acquired by the parties greatly exceeded the total of reimbursements to Mr. Brooks's separate estate.

Appellant further contends that the trial court erred in decreeing that the community estate was due reimbursement, or was entitled to a lien on Appellant's separate property in absence of proof that income from the property to the community was less than the amount paid out by the community.

At the time of the marriage, Appellant Mrs. Brooks owned a house and lots in Houston, Texas, located at 5526 Spellman Street, as her separate property. The place rented for $400.00 per month. Mrs. Brooks put this money into a bank account in Westbury National Bank in Houston, Texas, and out of this rental income she paid the house payments, taxes, and insurance on the place, all of which totalled more than $300.00 per month or $3600.00 per year. The house was fully paid off at the time of the divorce. The trial court found that $24,300.00 in community funds had been spent for house payments, taxes, and insurance on this place; that Appellee Mr. Brooks was entitled to a payment of one-

half of this sum or $12,150.00 which was ordered charged against Appellant Mrs. Brooks's separate account. The decree further stated that in the event this action be declared contrary to law, then a lien was thereby fixed and charged against the Spellman Street property. As we understand it, Appellant contends that the community estate is not entitled to reimbursement in the absence of proof that the income from the property to the community was less than the amount paid out by the community. We do not agree.

When community funds have been expended to reduce indebtedness on separate property of one spouse, the other spouse is entitled to reimbursement of his or her share of the community funds without requiring proof that the expenditures exceeded the benefits received by the community. See *Dakan v. Dakan* (Tex.1935) 125 Tex. 305, 83 S.W.2d 620 at p. 628; *Pruske v. Pruske* (Austin Tex.Civ.App. 1980) 601 S.W.2d 746, writ dismissed; *Poulter v. Poulter* (Tyler Tex.Civ.App. 1978) 565 S.W.2d 107, no writ; *Bazile v. Bazile* (Houston 1st Tex.Civ.App. 1971) 465 S.W.2d 181, writ dismissed; *Looney v. Looney* (Beaumont Tex.Civ.App. 1976) 541 S.W.2d 877, no writ. The trial court is vested with authority to fix a lien on the separate property of one spouse to secure payment due the other spouse. See *Bell v. Bell* (Houston 1st Tex. Civ.App. 1976) 540 S.W.2d 432, 441, no writ; *Buchan v. Buchan* (Tyler Tex.Civ.App. 1979) 592 S.W.2d 367, no writ.

Appellant's final contention is that the trial court erred in its failure to award attorney's fees to the Appellant Mrs. Brooks, saying that such constituted an abuse of discretion. Appellant's attorney's testimony showed a total of 84½ hours of office work of said attorney's time spent on the case and nine days in court, and that the value of such legal services was $11,600.00. The trial court refused to award Appellant any attorney's fees. We cannot say the trial court abused its discretion in this regard. Our Supreme Court in *Carle v. Carle* (Tex.1951) 149 Tex. 469, 234 S.W.2d

1002, at page 1005 says: "The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances." Also see *Cooper v. Cooper* (Houston 1st Tex.Civ.App. 1974) 513 S.W.2d 229, no writ.

In the case at bar, substantial amounts were owned by the parties respectively as separate property, and substantial amounts were awarded to each in the division of the community estate. Moreover, the overall division of the property made by the trial court is in our opinion basically fair under the record before us. No accusations of fraud were made against the Appellee husband. We therefore overrule all of Appellant's points and contentions and affirm the trial court's judgment.

AFFIRMED.

HALL, Justice, concurring.

I do not agree with the majority's rulings on the reimbursement issues.

Separate property expended for the general use and well-being of community living is deemed a gift to the community, and there is no right of reimbursement. *Norris v. Vaughan*, 152 Tex. 491, 260 S.W.2d 676, 683 (1953). However, the principle of reimbursement does apply to expenditures from the separate estate which may be traced to a specific enhancement of the community estate. Id., at 260 S.W.2d 682.

In our case, it is my view that the portions of appellee's separate estate for which reimbursement was granted (depletion of corporate capital assets and decrease in cash values of insurance policies) were so grossly commingled with the community funds (the company earnings) that they cannot be separately identified nor traced to a specific community benefit. Accordingly, I would hold that the trial court erred in allowing the reimbursement. Nevertheless, in the light of the entire record, it is my further belief that the court's division of the property, which includes the reimbursements in question, was fair, just and equitable. The error was therefore harm-

less. *Williams v. Williams*, 160 Tex. 99, 325 S.W.2d 682, 684 (1959). For this reason, I concur in affirming the judgment.