**Richard Ben MARTIN, Appellant,**

v.

**Sharon Cecilia MARTIN, Appellee.**

**No. 18612.**

Court of Appeals of Texas,
Fort Worth.

Feb. 18, 1982.

Scurlock, Binion, Brackett & Oldham, Inc. and Lloyd Scurlock, Fort Worth, for appellant.

Fudge & Elder and Billy T. Elder, Burkburnett, for appellee.

Before MASSEY, C. J., and HUGHES and HOLMAN, JJ.

OPINION

MASSEY, Chief Justice.

Following trial before the court without a jury Sharon Cecilia Martin was granted divorce from Richard Ben Martin, with custody of their children, with provision for their support and division of property. The husband has appealed the property division only.

We reverse and remand.

Basis of remand is the court's treatment of Burk Motor Freight Lines, a corporation, as the *alter ego* of the husband, with result that there was division of its property as part of the community of the parties, when there was an absence of evidence in support with sufficient probative force and effect to establish it as such.

We know from the record that Burk Motor Freight Lines was a corporation, and since it was such there would have been stock demonstrating its ownership, but the record does not disclose the names of the stockholders or whether any of it was the property of the husband, the wife, or both of them. We can only speculate that it belonged to both parties as part of their community estate for the inference from the evidence is that such was the fact, and this we deem to have constituted little more

than a scintilla. There is evidence, apparently undisputed, that the parties purchased "the business" from the wife's father sometime after August 8, 1964, when they became married. By this we are not made aware whether Burk Motor Freight Lines was already a corporation at the time. By the divorce decree, stock in which the wife possessed a community interest—and the trial court obviously believed there was such—was ordered transferred to the husband as part of the property division. In addition, all the assets and liabilities of the corporation were likewise transferred to the husband (though the corporation was never made party to the suit). In any event the foregoing, plus the additional property of the community also awarded to the husband, was valued by the trial court at $49,-594.47.

That awarded to the wife was valued by the trial court at $64,672.00. (This means that what was deemed by the Court to be the total of the parties' property, with the total value of the corporation included, was valued at $114,266.47, and divided: 43½% to the husband and 56½% to the wife.)

In the accomplishment of the property division objective the husband was required to execute to wife a promissory note in the principal amount of $18,000.00, bearing interest at 9% per annum and payable in ninety-six monthly installments of $263.78 by amortization. As security a lien was placed upon "all the stock, goods, vehicles, trucks, equipment, merchandise, fixtures and other assets located in, owned by, or used in connection with the community business, Burk Motor Freight Lines, Inc., and any permits and contract agreements entered into on the 15th day of August, 1978, by and between Central Oklahoma Freight Lines, Inc., and Burk Motor Freight Lines, Inc. . . . ." It is the problem commonly encountered by courts in property division cases where a husband and wife has owned a going business belonging to both and where upon divorce it is desired that one of the parties be placed in position to continue the business with full ownership, but where there is insufficient property remaining to enable this to be done without

placing a charge upon the property of the business as by indebtedness charged, usually secured by lien. To accomplish property division by this method has been held proper, and it does not constitute an award of alimony. *Goren v. Goren*, 531 S.W.2d 897 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Benedict v. Benedict*, 542 S.W.2d 692 (Tex.Civ.App.—Ft. Worth 1976, writ dism'd); and *Goetz v. Goetz*, 567 S.W.2d 892 (Tex.Civ.App.—Dallas 1978, no writ).

Had there been no appeal of the judgment of the trial court one may readily perceive difficulties for the wife's future attempts at enforcement. Invited would be further litigation in which the corporation would be a necessary party with, perhaps, the re-litigation of question of the husband's *alter ego* as Burk Motor Freight Lines. This would involve a controversy which might be deemed to have become *res judicata* for as between the husband and wife it could have been resolved in trial of the case from judgment in which there has been the instant appeal.

In the trial below there was nothing indicative of the fact that there was any attempt by the husband to use the "corporate veil" to the detriment of any other person and so to afford right of such other to pierce and reach him to establish his liability as the corporation's *alter ego*. There was no evidence entitling the trial court to disregard the treatment of the corporation as a separate entity or to disregard any "corporate fiction", if any there was, and to treat the husband as its *alter ego*. See *Duke v. Duke*, 605 S.W.2d 408, 412 (Tex.Civ.App.—El Paso 1980, writ dism'd); *Humphrey v. Humphrey*, 593 S.W.2d 824, 826 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd).

Furthermore, even when *alter ego* might be said to exist as applied to a corporation and its conduct of business that fact does not necessarily mean that the *alter ego* is invested with the ownership of the corporate property even in part, certainly not in totality. There is enough in the record in

this case to show that the percentage of ownership of the stock of Burk Motor Freight Lines, whatever such percentage might have been, was in the husband and wife in equal proportion. What we cannot know, because it is not revealed by the record, is the totality of their equal proportionate interests and that such totality was equal to the amount used by the trial in making the property division.

The result, as we view it, is that the property division made by the court was not right and just because it could not, by the evidence, have properly ascertained the identity or value to the community estate to be divided; and that because of this the $18,000.00 note, evidencing indebtedness of the husband to the wife in equalization of property division, could not be deemed referable to the estate to be divided.

The points of error unrelated to the above are all either moot in view of our order of retrial or without merit aside therefrom.

Reversed; cause remanded.