**Alfred Edward JOHNSON, Jr., Appellant,**

v.

**Kathleen Jane Green JOHNSON, Appellee.**

**No. 01–90–00322–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 7, 1991.

Robert A. Scardino, Sr., Houston, for appellant.

Stu Stewart, Houston, for appellee.

Before SAM BASS, WILSON and DUNN, JJ.

## OPINION

DUNN, Justice.

The appellant, Alfred Edward Johnson, Jr., appeals from a final decree of divorce. The trial court appointed the appellee, Kathleen Jane Green Johnson, sole managing conservator of the parties' two children and allowed the appellant only supervised visitation with the children. The appellant was ordered to pay the appellee $800 a month for child support. The trial court also divided the marital estate of the parties. Among the property awarded to the appellee was an inventory of firearms. The appellee was also granted a judgment for $25,000 against the appellant as part of the division of community property, which was secured by an equitable lien against the appellant's separate real property.

Before trial, the appellant filed an inventory of all firearms. The inventory listed several of the firearms as the appellant's

separate property with a notation that they were inherited from his father. The appellee also filed two inventories before trial. Each inventory listed the appellant's firearms sales business as community property; the only asset of value listed for the business was the inventory of firearms. At trial, the appellee's attorney stated that the only assets of the community estate were the inventory of firearms. The appellant referred to the firearms as his "dead father's" firearms, but the appellant did not otherwise testify as to the character of the firearms, nor did he distinguish between the firearms that were his "dead father's" and those that were inventory of the business. The appellee testified that she requested the firearm inventory be awarded to her as part of the division of the community estate.

A financial statement signed by the appellant on January 5, 1989, was admitted into evidence. The financial statement listed the appellant's total annual income as $118,780. The appellant's financial information statement was filed with the trial court in December 1989, one month after trial; therefore, it was not evidence before the trial court when considering child support.

The appellee testified that the appellant was a police officer in Phoenix for approximately 14 years until November 1987. She believed he was capable of making a net income of $3,000 a month. On the last joint income tax return they filed, in 1987, he declared at least $46,000 in income. However, she had no knowledge of how much income he made in 1988.

During her testimony at trial, the appellee referred to a social studies report prepared by the Harris County Juvenile Probation Department. The report is not part of the record before this Court, but the appellee testified that she agreed with the Department's recommendation that the appellant not be allowed unsupervised visitation with the children based, partly, on alcohol abuse.

In the final decree, the trial court found its orders as to conservatorship and support were in the best interests of the children. In deviating from the standard possession order, the court found that the appellant had a history of alcohol abuse and abused alcohol at that time; that the appellant was a firearms dealer; that the appellant had all types of firearms in his possession; and that the children would be exposed to firearms when they were with the appellant. The court found that an investigative report of the parties and their home environment was made by the Harris County Juvenile Probation Department, and the investigator concluded that he could not recommend unsupervised visitation for the appellant until he was tested for alcohol abuse and treated, if necessary.

For clarity, the appellant's three points of error will be discussed together.

The appellant first complains of the trial court's division of property. He contends that the trial court erred in placing an equitable lien in favor of the appellee on his separate real property. He also contends that there was no evidence, or insufficient evidence, to support the placing of the lien on his separate real property and that the trial court abused its discretion in placing the lien on his separate real property. The appellant also contends the trial court erred in awarding the appellee firearms that the appellant now claims were his separate property. The appellant contends that the trial court abused its discretion in awarding the firearms, which were his separate property, to the appellee.

In determining whether there is no evidence to support a finding, an appellate court should consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988); *Glockzin v. Rhea,* 760 S.W.2d 665, 666 (Tex.App.—Houston [1st Dist.] 1988, writ denied). If there is any evidence to support the finding, the appellate court must uphold it. *Sherman,* 760 S.W.2d at 242; *Glockzin,* 760 S.W.2d at 666.

In determining whether the evidence is sufficient to support a finding, an appellate court should consider and weigh all evidence before the trial court. *Cain v. Bain,*

709 S.W.2d 175, 176 (Tex.1986); *Glockzin,* 760 S.W.2d at 666. Only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust should an appellate court set the finding aside. *Cain,* 709 S.W.2d at 176; *Glockzin,* 760 S.W.2d at 666. An appellate court cannot substitute its opinion for that of the trier of fact and determine that it would reach a different conclusion. *Glockzin,* 760 S.W.2d at 666.

The trial court has wide discretion in dividing community property on divorce. *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985). The trial court's division will be disturbed on appeal only if a clear abuse of discretion is shown. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981). In determining whether the trial court abused its discretion, an appellate court does not determine whether it would have decided a matter in a different manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Rather, an appellate court determines if the trial court acted without reference to any guiding rules or principles. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex. 1986). If the trial court's actions were arbitrary or unreasonable, an appellate court should find an abuse of discretion. *Downer,* 701 S.W.2d at 242; *Parks v. U.S. Home Corp.,* 652 S.W.2d 479, 485 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

■ In a divorce proceeding, the trial court shall order a division of the "estate of the parties in a manner that the court deems just and right." Tex.Fam.Code Ann. § 3.63(a) (Vernon Supp.1991). However, the only "estate of the parties" subject to the trial court's division is the community estate. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 141 (Tex.1977). The trial court, in ordering a division of property, may not divest one party of his separate property. *Cameron v. Cameron,* 641 S.W.2d 210, 220 (Tex.1982); *Eggemeyer,* 554 S.W.2d at 142.

Even after the Texas Supreme Court's holding in *Eggemeyer,* many Texas courts have held that the trial court can fix a lien on the separate property of one spouse to secure the discharge of payment to the other spouse. *See, e.g., Mullins v. Mullins,* 785 S.W.2d 5, 11 (Tex.App.—Fort Worth 1990, no writ); *Smith v. Smith,* 715 S.W.2d 154, 157 (Tex.App.—Texarkana 1986, no writ); *Brooks v. Brooks,* 612 S.W.2d 233, 238 (Tex.Civ.App.—Waco 1981, no writ); *Buchan v. Buchan,* 592 S.W.2d 367, 371 (Tex.Civ.App.—Tyler 1979, writ dism'd). However, those cases can be distinguished from the present case. The liens in those cases were placed on separate property to secure payment of a judgment associated with a claim related to the separate property.

In *Mullins,* the propriety of a lien placed on all of one spouse's separate property to secure payment of a judgment in favor of the other spouse was challenged. *Mullins,* 785 S.W.2d at 11. The judgment was awarded as part of a reimbursement award to one spouse for separate funds spent to improve part of the other spouse's separate property. *Id.* at 10. The court held that the lien was proper. *Id.* at 11. In a divorce, a trial court can fix a lien on any of the reimbursement-debtor spouse's separate property to secure the payment of the reimbursement claim to the other spouse. *Id.*

In *Smith,* the husband complained of the placing of an equitable lien on his separate real property to secure a cash award to his wife. *Smith,* 715 S.W.2d at 157. The cash award was to compensate the wife for community expenditures to improve the husband's separate real property. *Id.* at 156. While recognizing that the husband could not be divested of his separate real property, the court held a lien could be placed on his separate property to secure payments due his wife. *Id.* at 157. The court found that the lien did not result in the divestiture of property. *Id.* at 158.

In *Brooks,* a lien was placed on a house and lots owned as the wife's separate property. *Brooks,* 612 S.W.2d at 238. The trial court found that community funds had been spent for house payments, taxes, and insurance on the property, and, thus, found

the husband was entitled to reimbursement from the wife's separate account. *Id.* The court found a lien could be placed on the property to secure payment of the reimbursement claim to the husband. *Id.*

In *Buchan,* one spouse executed a lease with the other spouse making him a cotenant of an undivided one-half interest in her separate property for a term of 15 years. *Buchan,* 592 S.W.2d at 369. The parties divorced before the expiration of the lease. *Id.* An equitable lien was placed on the property in favor of the husband to secure payment representing the division of the interests in the leased premises. *Id.* The court found that the wife was not divested of her separate property by the lien in favor of her husband and distinguished the case from *Eggemeyer. Id.* at 370. The court held no actual divestiture occurred. *Id.* at 371. The court emphasized that the lien was not imposed to secure "just any debt"; rather, it was to restore the husband his interest in the property subject to the lien. *Id.*

In contrast, the El Paso Court of Appeals held that the trial court erred in placing a deed of trust lien in favor of the wife on the husband's separate property. *Duke v. Duke,* 605 S.W.2d 408, 412 (Tex.Civ.App.— El Paso 1980, no writ). The debt that the lien secured was unrelated to the property upon which the lien was placed. The trial court, in dividing the community property of the parties, ordered the husband to execute a promissory note to the wife. *Id.* at 409. The husband was then ordered to place a deed of trust lien on a lot that was his separate property to secure payment of the promissory note. *Id.* at 412. The court found that the lien could only be enforced by divesting the husband of his separate property. *Id.* Moreover, even if the lien were not foreclosed, the husband was still divested of some of his separate property because title to the property was rendered unmarketable by the lien. *Id.* Therefore, the court held that the lien divested the husband of his separate property contrary to the holding in *Eggemeyer. Id.*

The equitable lien in the present case is similar to the deed of trust lien in *Duke.*

The lien in the present case secures payment of a money judgment entered as part of the just and right division of the community property of the parties. The judgment was not entered to compensate the appellee for any claim related to the property against which the lien was imposed. Therefore, we hold an equitable lien could not properly be placed against the appellant's separate property to secure payment of the judgment, entered as part of the division of community property, in favor of the appellee. The trial court erred in placing an equitable lien on the appellant's separate property in favor of the appellee. We sustain the appellant's contention concerning the equitable lien on his separate property.

We now address the appellant's complaint concerning the firearms awarded to the appellee.

Property possessed by either spouse at the time of a divorce is presumptively community property. Tex.Fam.Code Ann. § 5.02 (Vernon Supp.1991). The spouse claiming the property as separate property has the burden of establishing its separate character by "clear and convincing evidence." *Id.*

In the present case, the firearms were presumed to be community property because they were possessed by either spouse at the time of the divorce. However, the appellant could have rebutted the presumption by presenting clear and convincing evidence that the firearms were his separate property. The appellant filed an inventory of the firearms that listed some of the firearms as his separate property and stated they were inherited from his father. Other than two references at trial to his "dead father's" guns, the appellant presented no other evidence concerning his ownership or inheritance of the firearms. The appellant also presented no evidence that distinguished the guns that were his "dead father's" from the guns that were part of the inventory. Moreover, the appellant's testimony implied that the firearms had been sold prior to trial. We find the appellant did not present clear and convincing evidence that the inventory of firearms

were his separate property. Therefore, the trial court did not err or abuse its discretion in awarding the inventory of firearms to the appellee as part of the division of the parties' community estate. We overrule the appellant's contention concerning the firearms.

■ The appellant next contends that there is no evidence, or insufficient evidence, to support the trial court's award of $800 a month in child support to the appellee. The appellant also contends that the trial court abused its discretion in awarding the appellee child support. Specifically, the appellant contends that no evidence established his income or capability for income upon which an award for child support could be based. The appellant refers to no authority to support his contention.

Among the factors to be considered in determining the amount of child support, is the ability of the parent, in this case the father, to contribute. TEX.FAM.CODE ANN. § 14.052 (Vernon Supp.1991). The "net resources," or all income being received, are to be considered in determining child support. TEX.FAM.CODE ANN. § 14.053(b) (Vernon Supp.1991). If the actual income of a parent is significantly less than his potential income because of intentional underemployment, the court may consider earning potential in setting child support. TEX.FAM. CODE ANN. § 14.053(f) (Vernon Supp.1991).

In the present case, testimony at trial established that the appellant had been a police officer for 14 years; there was no evidence that the appellant could no longer work as a police officer. Testimony established that when the appellant was a police officer, he made at least $46,000, and the appellee believed the appellant was capable of earning $3,000 a month. Moreover, a financial statement signed by the appellant less than a year before the trial listed his annual income as $118,780. Therefore, the evidence established the appellant was earning, or was capable of earning, between $46,000 and $118,000 a year, or between $3,800 or $9,800 a month. There was no evidence that the appellant was unemployed or unable to find employment.

Therefore, the trial court's award of $800 a month in child support was not so against the great weight and preponderance of the evidence as to be manifestly unjust. Since the evidence was factually sufficient to support the award of child support, there was necessarily legally sufficient evidence to support the award, and the trial court did not abuse its discretion in awarding $800 a month in child support. We overrule the appellant's contention concerning child support.

■ The appellant also contends that there is no evidence to support the court's order of supervised visitation. The appellant specifically contends that there is no evidence that supervised visitation is in the best interests of the children or to support a deviation for the standard possession order, TEX.FAM.CODE ANN. § 14.033 (Vernon Supp.1991). The appellant refers this Court to no authority in support of his contention.

In determining the terms of visitation, the trial court is to be guided by the best interests of the children. TEX.FAM.CODE ANN. § 14.032(c) (Vernon Supp.1991). In the present case, the court expressly found that supervised visitation, as it ordered, was in the best interests of the children. Additionally, the court found that the appellant had a history of alcohol abuse and was at that time abusing alcohol. Therefore, we find there is some evidence to support the court's order of supervised visitation and to support the court's deviation from the standard possession order. We overrule the appellant's contention concerning visitation.

■ Finally, the appellant contends that the trial court abused its discretion in failing to rule on pretrial motions submitted by the appellant. The appellant does not refer this Court to the pretrial motions to which he is referring. After reviewing the record before this Court, we determine the appellant complains that the trial court abused its discretion in failing to rule on the appellant's motion to suppress deposition, two motions for contempt of court, and motion to file leave of court to file amended answer, all filed on November 3,

1990. The appellant filed several motions subsequent to trial, but we do not construe the appellant's contention to include any complaint as to the trial court's failure to rule on those post-trial motions.

A moving party is responsible for obtaining a ruling upon its motion. *See* TEX.R. APP.P. 52(a) (to preserve complaint for review on appeal, complaining party must obtain ruling on its motion). The appellant was responsible for obtaining a ruling from the trial court on his pretrial motions. Therefore, the trial court did not abuse its discretion in failing to rule on the appellant's pretrial motions. We overrule the appellant's contention concerning pretrial motions.

We sustain points of error one, two, and three concerning the placing of an equitable lien on the appellant's separate property. We overrule points of error one, two, and three concerning the appellant's other contentions.

We reform the judgment to release the equitable lien in favor of the appellee on the appellant's separate real property, and affirm the judgment as reformed.