Johnny Lee **FYFFE**, Appellant,

v.

Debra Faye Payne **FYFFE**, Appellee.

No. 9202.

Court of Appeals of Texas, Texarkana.

March 27, 1984.

Rehearing Denied March 24, 1984.

James V. Wedding, Marshall, for appellant.

Ronald Ned Dennis, Marshall, for appellee.

CORNELIUS, Chief Justice.

Johnny Lee Fyffe complains of the property division in his divorce case, asserting that it was error to allow Mrs. Fyffe reimbursement for one-half of the community funds used to pay interest and taxes on his separate real estate. He argues that reimbursement for those items should not have been allowed in the absence of evidence showing the offsetting equities and benefits to the community arising from the use of the property. We agree.

The evidence showed that community funds in the amount of $14,558.21 and $2,910.92 were spent to pay interest and taxes, respectively, on Mr. Fyffe's separate property. The court allowed Mrs. Fyffe reimbursement for one-half of those amounts. The family used the house as their home during the marriage but there was no evidence of the rental value of such occupancy or of other benefits which the community may have received from its use of the property.

The right of a spouse to reimbursement for community funds spent on the separate property of the other spouse is purely equitable. *Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1982); *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620 (1935). If the community funds are spent to pay the purchase price or to discharge encumbrances against the separate property, reimbursement is allowed with proof only of the amounts actually expended. *Colden v. Alexander,* 141 Tex. 134, 171 S.W.2d 328 (1943). There is a division of authority with respect to reimbursement for community funds spent for interest and taxes, but the better reasoned view, in our judgment, is that reimbursement for those items ordinarily will not be allowed except to the extent that the amount of community funds expended exceed the benefits, if any,

the community has received from the property. *Colden v. Alexander,* supra; *Cook v. Cook,* 665 S.W.2d 161, (1983, no writ) (not yet reported); *Snider v. Snider,* 613 S.W.2d 8 (Tex.Civ.App.-Dallas 1981, no writ); *Hawkins v. Hawkins,* 612 S.W.2d 683 (Tex.Civ.App.—El Paso 1981, no writ); *Poulter v. Poulter,* 565 S.W.2d 107 (Tex. Civ.App.—Tyler 1978, no writ); Speer, Texas Family Law § 22.38 (5th ed. 1976); 3 Kazen, Family Law, Texas Practice and Procedure § 52.13 [3][b]. That has been the rule in Texas at least since the decision in *Colden v. Alexander,* supra, and we think the basis and soundness of the rule have been confirmed by the recent Supreme Court decision in *Jensen v. Jensen,* 27 Tex.Sup.Ct.J. 20 (Mar. 3, 1984).

The trial judge has broad discretion to divide the estate of the parties in a divorce action. In doing so, he must adjust the equities between the spouses. The equities cannot be accurately determined or adjusted unless there is evidence of the respective benefits received by each of the spouses as well as by the community. Thus, while the trial judge has the discretion to grant reimbursement for community funds spent for interest and taxes on separate property, he should not attempt to do so without evidence of the offsetting benefits to the community resulting from its use of the property, such as the value of occupying the property rent free as a home, the taking of income tax deductions for the interest and taxes paid, and others, if any. *See Snider v. Snider,* supra. In *Jensen v. Jensen,* supra, the Supreme Court held that the community should be reimbursed for the value of a spouse's time and effort spent in enhancing the value of separate property, but required that the reimbursement be limited to the extent that such value exceeds the benefits received by the community from the separate property in the form of income and "other fringe benefits." *Jensen* further held that the burden of producing such proof was upon the spouse claiming reimbursement, and that in the absence of such proof the cause should be remanded to the trial court in the interest of justice to determine the amount

of reimbursement, if any, due under the principles stated. We follow that procedure in this case.

The judgment is reversed and the cause is remanded to the trial court for the limited purpose of determining the amount of reimbursement, if any, due Mrs. Fyffe according to the above stated equitable principles.

It is so ordered.