Leonard Grant MAGILL, Appellant,

v.

Patsy MAGILL, Appellee.

No. 01–90–01101–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 5, 1991.

Rehearing Denied Oct. 3, 1991.

---

Kenneth C. Kaye, League City, for appellant.

Elmo Schwab, Galveston, for appellee.

Before TREVATHAN, C.J., and DUNN and PRICE,[1] JJ.

## OPINION

PRICE, Justice.

This is an appeal from the trial court's judgment dividing property in a divorce action. The record is without factual findings and legal conclusions as none were requested or filed.

■ In the absence of findings of fact and conclusions of law, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). All necessary fact findings in support of the trial court's judgment are implied. *Id.; Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975). There is a presumption that the trial court correctly exercised its discretion in dividing the property. *Duke v. Duke*, 605 S.W.2d 408, 411 (Tex.Civ.App.—El Paso 1980, writ dism'd). Because we must presume all facts were found against appellant, appellant has an extraordinary burden to demonstrate error in the trial court's judgment. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex.1987).

In point of error one, appellant, petitioner below, contends the trial court erred in ruling that the League City house and the Rockwell stock and retirement fund were the community property of the parties.

The divorce decree provides in relevant part:

*Division of Marital Estate*

IT IS ORDERED AND DECREED that the estate of the parties is divided as follows:

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

Petitioner [Mr. Magill] is awarded the following as Petitioner's sole and separate property, and Respondent is divested of all right, title, interest, and claim in and to such property except as otherwise provided by this decree:

1. The home and improvements at 2009 Fairfield Court North in League City, Texas, further described as Lot Five (5), Block Three (3), Newport Section One (1), an addition in Galveston County, Texas, according to the map or plat thereof recorded in Volume 254a, page 90, of the map records of Galveston County, Texas, Book 1799, page 0452. This property is subject to an [sic] lien in favor of Pat Rogers (formerly Magill) to secure reimbursement for $12,000 in sixty (60) days as ordered in this Final Decree of Divorce.

6. The following stocks, bonds, and securities, together with all dividends, splits, and other rights and privileges in connection therewith:

a) All shares of the Rockwell stock and Rockwell Retirement plan.

. . . .

The award of assets in this case does not constitute a sale but is implemented solely to effect a division of the community estate of Petitioner and Respondent.

Appellant argues that this property is his separate property and that the trial court erred in listing it in the decree as part of the marital estate that it awarded to appellant.

■ Section 3.63 of the Family Code provides that a divorce decree shall order a division of the "estate of the parties in a manner that the court deems just and right." TEX.FAM.CODE ANN. § 3.63(a) (Vernon Supp.1991). The "estate of the parties" has been construed to mean only the community property of the parties. *Cameron v. Cameron*, 641 S.W.2d 210, 213 (Tex.1982); *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex.1977). In ordering a division of the property, the trial court may not divest one party of his separate property. *Cameron*, 641 S.W.2d at 220; *Eggemeyer*, 554 S.W.2d at 142.

■ The record reflects that both parties, as well as the trial judge, agreed during trial that the house was appellant's separate property. Additionally, appellee made no challenge to the claim that the stock was appellant's separate property. However, the decree mischaracterizes this property as part of the "estate of the parties." The decree does not divest appellant of his interest in this property. He was awarded the property as his sole and separate property. Without factual findings, it is impossible to determine why the property was mischaracterized in the divorce decree.

■ If a mistake is made in the characterization of property, but the division is otherwise equitable, the error is harmless, and the division will not be disturbed on appeal. *Duke*, 605 S.W.2d at 410. Mere mischaracterization of separate property as community property alone does not require reversal. *Mundy v. Mundy*, 653 S.W.2d 954, 957 (Tex.App.—Dallas 1983, no writ). It is appellant's burden to prove that any disparity in the division was caused by the mischaracterization of property and was of such substantial proportions that it constituted an abuse of the trial court's discretion. *Id.*

■ In point of error five, appellant argues that the division of the community property was not just and right. He claims for the division to be just and right each party must receive property of equal value. He maintains that the division is equal, in this instance, only if the value of his separate property house and stock are added to the value of that portion of the community estate awarded to him. The divorce decree, however, assesses no value to any of the property awarded to the parties; it merely identifies the property and awards it in whole or in part. The record reflects that most of the property was not assessed a value either during the testimony or as part of any inventory filed with the court.

It is well established that the trial court has broad discretion in dividing a community estate. *Mullins v. Mullins*, 785 S.W.2d 5, 9 (Tex.App.—Fort Worth 1990, no writ). On appeal, the role of the reviewing court

is to determine only if there has been an abuse of this discretion. *Duke*, 605 S.W.2d at 411. Appellant must demonstrate that the property division was manifestly unjust and constituted an abuse of the trial court's discretion. *Mundy*, 653 S.W.2d at 957. Appellant does not direct this Court to the award of any specific property that makes this division manifestly unjust. He merely claims that the division is unequal, thus, unjust.

 In ordering a division of community property, the trial court may consider a number of factors including the disparity of income or earning power of the parties, the spouses' capacities and abilities, relative physical conditions, relative financial condition and obligations, size of separate estates, and the nature of the property. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Mullins*, 785 S.W.2d at 9. To effect a just and proper division of the property, the trial court may, in its discretion, determine that one party is entitled to a greater share of the community. *Mullins*, 785 S.W.2d at 9.

The record reflects that appellee was awarded two items of property where appellant was not awarded property of equal value. Appellee had accumulated $14,000 in her teacher retirement fund. Testimony revealed that school districts do not contribute to the social security program, consequently, upon retirement, a teacher cannot collect social security. Appellee was awarded the $14,000 as part of the property division. The record further reflects that the community purchased an annuity, through the John Alden Insurance Company, to pay for the education of appellee's daughter. The annuity had a present value of $12,000, but there was no evidence regarding the original cost of that annuity or its accumulated interest. It was awarded to appellee as part of the property division. There is evidence indicating appellee had no separate estate and was in poor physical health. Upon consideration of all of these circumstances, the trial court was entitled to award appellee a greater share of the community estate, provided the award was not so disproportionate as to be unjust and

unfair. *Robbins v. Robbins*, 601 S.W.2d 90, 91–92 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

Appellant has failed to demonstrate that the division of property was manifestly unjust and that the mischaracterization of his separate property created any inequality that constituted an abuse of discretion. *Mundy*, 653 S.W.2d at 957. Without recorded property values and factual findings, we presume that the trial court properly considered the entire circumstances of the parties and correctly exercised its discretion in dividing their property.

Appellant's first and fifth points of error are overruled.

 In point of error four, appellant contends that the trial court erred in awarding appellee a judgment for $12,000 as reimbursement for contributions made to the League City home. Appellant argues that the reimbursement award is improper because appellee failed to prove that the amount of community funds expended to discharge the principal, interest, taxes, insurance, maintenance, improvements, and repairs to the house were greater than the benefit received by the community of living there rent free.

The decree awarded appellee $12,000 in cash to be paid within 60 days, secured by a judicial and equitable lien on the League City house. In the absence of factual findings, we do not know the exact basis upon which the $12,000 was awarded. Testimony was developed that indicated the house was in a state of disrepair prior to the marriage. Appellee helped paint, repair, and maintain the house and the yard during the marriage. The record reflects that appellee put $12,000 of her separate funds into a joint community account. Community funds were used to pay principal, interest, taxes, and insurance in the amount of $21,850 to discharge the mortgage on the League City house and that $8,000 in community funds were used to settle the claim of appellant's ex-wife for her equity in his separate property. Further evidence and exhibits reveal that an additional $28,000 of community funds and appellee's separate funds were expended to improve this home.

Testimony indicates that these improvements enhanced the value of the house approximately $25,000 to $30,000.

■ Reimbursement is an equitable claim. *Penick v. Penick*, 783 S.W.2d 194, 197 (Tex.1988). As such, a court of equity is bound to look at all facts and circumstances to determine what is fair, just, and equitable. *Id.* at 198. The equitable nature of a claim for reimbursement allows for consideration of offsetting benefits. *Jensen v. Jensen*, 665 S.W.2d 107, 109 (Tex. 1984). However, great latitude must be given to the trial court in applying equitable principles to value such a claim, for it is not just a balancing of the ledgers between competing marital estates. *Penick*, 783 S.W.2d at 198. The discretion to be exercised in evaluating a claim for reimbursement is equally as broad as that discretion subsequently exercised by a trial court in making a just and proper division of the community estate. *Id.*

■ A claim for reimbursement for funds expended by one estate for improvements to another estate is to be measured by the enhanced value to the benefited estate. *Penick*, 783 S.W.2d at 196. Testimony regarding the value of the property before the improvements and the value after the improvements is sufficient to sustain a finding of enhanced value. *Girard v. Girard*, 521 S.W.2d 714, 718 (Tex.Civ. App.—Houston [1st Dist.] 1975, no writ).

In the present case, appellant claimed only an offset for the value to the community of living in the house rent free. No testimony was developed regarding the value of such rent. The trial court had for its consideration evidence of appellee's personal efforts to repair and maintain the property, the community's payments of mortgage, interest, taxes, insurance, the $8000 settlement to appellant's ex-wife, and $28,000 worth of improvements that enhanced the value of appellant's property at least $25,000.

We find the trial court did not abuse its discretion in awarding the $12,000 reimbursement to appellee. Without factual findings, we hold that the record showing the personal and financial contributions to appellant's separate property sufficiently outweighed any benefits the community estate received for the nonpayment of rent.

Point of error four is overruled.

■ In points of error two and three, appellant contends that the trial court erred in placing a lien against the League City property and in authorizing foreclosure of his interest to enforce the $12,000 reimbursement because the property was his homestead. Appellant acknowledges that an equitable lien may be placed upon the separate property of one spouse to secure payment of judgment associated with a claim related to the separate property. *See, e.g., Johnson v. Johnson*, 804 S.W.2d 296, 299 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Mullins*, 785 S.W.2d at 11; *Smith v. Smith*, 715 S.W.2d 154, 157 (Tex.App.—Texarkana 1986, no writ); *Brooks v. Brooks*, 612 S.W.2d 233, 238 (Tex.Civ.App.—Waco 1981, no writ); *Day v. Day*, 610 S.W.2d 195, 198–99 (Tex.Civ. App.—Tyler 1980, writ ref'd n.r.e.). He argues, however, that the trial court erred in placing the lien on his separate property because it is his homestead, and as such, exempt from the lien and foreclosure.

Appellee claims that appellant failed to plead and prove that his League City home was a homestead either before, during, or after his marriage. The decree makes no reference to the property as a homestead, and without factual findings, we are unable to determine how the trial court characterized the property.

■ To sustain a claim of homestead, there must be proof of the concurrence of usage and intent on the part of the owner to claim the land as homestead. *Braden Steel Corp. v. McClure*, 603 S.W.2d 288, 292 (Tex.Civ.App.—Amarillo 1980, no writ). The record reflects that appellant has continuously resided in this home for the past 22 years exclusive of one week when his ex-wife occupied the house. There is no evidence that he had any other residence or ever disclaimed this property as his homestead. Thus, we are persuaded that by owning, possessing, residing on, and using this property as his home, appellant demon-

strated an intent to use the property as his homestead. The absence of dual residences and of any homestead disclaimer justifies no further inquiry into his intent to claim the property as a homestead. *Braden Steel Corp.*, 603 S.W.2d at 293.

■ A court does have authority to place an equitable lien on one spouse's homestead if that lien secures the amount awarded the other spouse for his or her interest in the homestead. *Kamel v. Kamel*, 760 S.W.2d 677, 679 (Tex.App.—Tyler 1988, writ denied); *Wren v. Wren*, 702 S.W.2d 250, 252 (Tex.App.—Houston [1st Dist.] 1985, writ dism'd w.o.j.). In the present case, evidence was introduced that $28,000 of community funds were used to improve appellant's homestead to an increased value of at least $25,000. This alone would be sufficient to allow the trial court to place the $12,000 lien on appellant's home, and without factual findings, we presume the trial court acted properly.

■ The right of reimbursement for funds advanced to improve another's marital estate is not based upon acquisition of a title interest in either the underlying realty or the improvements. *Burton v. Bell*, 380 S.W.2d 561, 564 (Tex.1964); *Cook v. Cook*, 665 S.W.2d 161, 165 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). It is an equitable right that creates an obligation to pay. However, a right authorized by law becomes meaningless without a remedy for its enforcement. The judgment must give all parties all relief to which they are entitled in law or equity. If a sale of the property is essential to enforce an equitable lien, it is proper for the court to adjudge it.

While a trial court cannot divest an owner of his separate property, loss of title may result if the property is sold under execution. However, the ultimate divestiture by foreclosure is essentially voluntary, since the owner has the option to prevent this by complying with the court's order to pay. *Buchan v. Buchan*, 592 S.W.2d 367, 371 (Tex.Civ.App.—Tyler 1979, writ dism'd w.o.j.); *Smith v. Smith*, 187 S.W.2d 116, 121 (Tex.Civ.App.—Fort Worth 1945, no writ).

The Texas Constitution prohibits foreclosing on a lien placed on a homestead except for purchase money, taxes, or work and material used in constructing improvements. TEX.CONST. art. XVI, § 50. Here, the trial court had for its consideration evidence of the value and nature of the improvements that resulted in the enhanced value to the home. Without factual findings, we presume the trial court assessed the right of foreclosure on the equitable lien based on the work and material used in constructing the improvements.

Points of error two and three are overruled.

The judgment of the trial court is affirmed.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent from the majority opinion.

In his first point of error, appellant contends that the trial court erred in classifying separate property of appellant as community property. Specifically, appellant contends that the trial court erred in classifying the League City house, the Rockwell stock, and the Rockwell retirement fund as community property. In his fifth point of error, appellant contends that the trial court's division of the community property was not "just and right." The majority finds that the trial court did mischaracterize the property, but then determines that the mischaracterization was harmless error because appellant failed to demonstrate that the division of the community property was manifestly unjust, or that the mischaracterization resulted in an inequitable division of the community property. I disagree with the majority's conclusions that the mischaracterization was harmless error and that appellant failed to demonstrate the division of the community property was manifestly unjust.

The trial court awarded appellant an undetermined percentage of the community property. However, the trial court included the League City house, the Rockwell

stock, and the Rockwell retirement fund in the community property. The trial court considered the value of the League City house, the Rockwell stock, and the Rockwell retirement fund in determining what property to award appellant to satisfy the percentage of community property the trial court intended to award appellant. If the trial court had properly excluded the League City house, the Rockwell stock, and the Rockwell retirement fund, the trial court may have awarded appellant other community property to satisfy the percentage the trial court intended to award appellant. *See Cook v. Cook,* 679 S.W.2d 581, 585 (Tex.App.—San Antonio 1984, no writ) (where trial court intended to award 60 percent of community assets to wife and 40 percent to husband, but because of mischaracterization of property, wife actually received only 38 percent and husband received 62 percent, appellate court determined that different division would have resulted if trial court had properly characterized property).

I would find that the trial court's mischaracterization of the property was not harmless error, and the division of the community property was manifestly unjust. I would sustain appellant's first and fifth points of error.

In his fourth point of error, appellant contends that the trial court erred in awarding appellee $12,000 as reimbursement for improvements made to the League City house. The majority finds that the trial court did not abuse its discretion in awarding the right of reimbursement because the record showed the personal and financial contributions of the community estate and appellee's separate estate outweighed any benefit received by the community estate. I disagree.

Appellant's and appellee's testimony established that mortgage payments on the League City house were made from a bank account that contained community funds and separate funds of appellee. In addition, appellant and appellee, by their own effort, made "improvements" on the house during the marriage; those "improvements" were paid for out of the bank ac-

count. Appellee's testimony suggested the value of the house was enhanced by $25,000 to $30,000. No evidence showed that the enhanced value was a result of any of the "improvements."

However, both appellant and appellee testified that they lived in the League City house during their marriage. The community did not pay appellant's separate estate rent for the use of the house during the marriage. The community received some benefit from living in the house rent-free. Appellee presented no evidence concerning the value of the benefit to the community. The trial court should not grant a right of reimbursement absent any evidence concerning the value of the offsetting benefit to the community. *Fyffe v. Fyffe,* 670 S.W.2d 360, 362 (Tex.App.—Texarkana 1984, writ dism'd); *see also Martin v. Martin,* 759 S.W.2d 463, 465 (Tex.App.—Houston [1st Dist.] 1988, no writ) (when interest, taxes, and insurance on separate estate were paid out of community funds, no right to reimbursement was established unless expenditures by community were shown to be greater than benefits received); *Rogers v. Rogers,* 754 S.W.2d 236, 239 (Tex.App.—Houston [1st Dist.] 1988, no writ) (husband failed to meet his burden to establish right to reimbursement where he presented no evidence that value of community labor was greater than benefits received by community); *cf. Jensen v. Jensen,* 665 S.W.2d 107, 110 (Tex.1984) (burden of proving right of reimbursement was on claimant); *Allen v. Allen,* 704 S.W.2d 600, 607 (Tex. App.—Fort Worth 1986, no writ) (trial court did not abuse discretion in denying claim for reimbursement where wife failed to show expenditures by community estate on husband's separate estate outweighed benefits received by community). Thus, in the present case, the trial court erred in granting appellee a right of reimbursement because she presented no evidence of the value of the benefit received by the community from living in the house. I would sustain appellant's fourth point of error.

In his second and third points of error, appellant contends that the trial court erred in placing a lien on the League City house to secure appellee's right of reim-

bursement. Since I would find the trial court erred in awarding appellee a right of reimbursement, I would find that the lien was improperly placed on the house.

I would reverse the judgment of the trial court and remand the cause for further proceeding.