TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00323-CV






Mark Wilkerson, Appellant



v.



Kimberly Wilkerson, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT


NO. 94-0278, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING 







 Mark Wilkerson appeals from the judgment in his divorce action against Kimberly
Wilkerson. In two points of error, Mr. Wilkerson contends the trial court erroneously (1) imposed
a constructive trust against his separate real property and (2) awarded a money judgment to Ms.
Wilkerson based upon a sum that was not an item of community property. We will modify the
judgment and affirm it as modified.


The Controversy


 The Wilkersons married in May 1980. Mr. Wilkerson sued for divorce April 12,
1994. In January 1996, the trial judge signed a divorce decree following a judge-only trial. The
judgment declares that the parties' homestead, a 4.38 acre tract in the Greenhills subdivision at
Dripping Springs (the "Greenhills property"), was Mr. Wilkerson's separate property. 
Additionally, the judgment orders that the Greenhills property 


be sold to the highest bidder and the net proceeds split between [Mr. Wilkerson and
Ms. Wilkerson]; however, Petitioner, Mark Wilkerson, shall have exclusive right
to occupy the home until the youngest child reaches the age of 18 years, or he
abandons it or fails to pay applicable expenses, taxes, liens, etc. or he remarries. 
Petitioner shall pay all taxes until sold. 



Mr. Wilkerson moved for a new trial requesting that the court reconsider its awarding Ms.
Wilkerson an interest in the proceeds of the Greenhills property. Ms. Wilkerson also moved for
a new trial. The trial court ordered a new trial to reconsider the Greenhills property and issues
related to Mr. Wilkerson's sole-proprietorship construction business. In a February 10, 1997,
judgment the trial judge declared the Greenhills property was part of the community estate and
"that a constructive trust exists as to the real property." The judgment declares further as follows:


[I]n order fairly and equitably, to make a proper division of the community assets
of the parties, the Court finds it necessary to impress judicially and does hereby so
impress, an owelty lien on that property. . . .The property is awarded to Mark
Wilkerson subject to an owelty lien in the amount of $85,000 which lien is to be
paid according to the terms of a real estate lien note. The note is ordered to be
secured by an owelty deed of trust on the property with a due on sale clause. 



The trial court also ordered that Ms. Wilkerson recover from Mr. Wilkerson $61,060 plus
interest. This sum represented a portion of $147,152.88 in community funds received and held
by Mr. Wilkerson's construction business before the divorce hearing in January 1996. Mr.
Wilkerson filed a motion for new trial that was overruled by operation of law. On appeal, Mr.
Wilkerson complains of error in the matter of the Greenhills real property and the money judgment
recovered by Ms. Wilkerson in the amount of $61,060 plus interest. 

 The record does not include findings of fact and conclusions of law. Mr. Wilkerson
timely requested findings of fact and conclusions of law. He failed, however, to file a timely
notice that the requested findings and conclusions were past-due. Tex. R. Civ. P. 297. When
findings of fact and conclusions of law are not properly requested and none are filed, the
reviewing court infers that the trial court made all findings necessary to support its judgment,
Saldana v. Saldana, 791 S.W.2d 316, 318 (Tex. App.--Corpus Christi 1990, no writ); and the
trial-court judgment must be affirmed on any legal theory supported by the evidence. Magill v.
Magill, 816 S.W.2d 530, 532 (Tex. App.--Houston [1st Dist.] 1991, writ denied).

 Section 7.001 of the Family Code provides that a divorce decree shall order a
division of the "estate of the parties in a manner that the court deems just and right." Tex. Fam.
Code Ann. § 7.001 (West 1998). The "estate of the parties" has been construed to mean only the
parties' community property. Cameron v. Cameron, 641 S.W.2d 210, 213 (Tex. 1982);
Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex. 1977). The trial judge has wide discretion
in dividing the parties' community estate and that division should not be altered on appeal except
when a clear abuse of discretion is shown. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981).


Discussion and Holdings


The Greenhills Property. On February 17, 1978, Mr. Wilkerson signed a contract for a deed to
the Greenhills property. He contends that because he began paying for the Greenhills property
before marriage it is his separate property and the trial court erred by including it as part of the
community estate. Additionally he contends the trial court erroneously imposed the constructive
trust and owelty lien on his separate property. (1) Ms. Wilkerson rejoins that it was not until divorce
proceedings began that a suggestion was made that the Greenhills property did not belong to both
parties. She contends Mr. Wilkerson committed fraud by claiming the Greenhills property was
his separate property because he promised her before marriage that they would pay for the land
together, build a house together, and the house would belong to both of them. Ms. Wilkerson
argues that the trial court therefore correctly imposed the constructive trust and lien on the
Greenhills property.

 Real property acquired before marriage is separate property. Tex. Fam. Code Ann.
§ 3.001(1) (West 1998). Property is characterized as "separate" or "community" at the time of
inception of title, that is to say, when a party first has a claim of right to the property by virtue
of which title is ultimately vested. Strong v. Garrett, 224 S.W.2d 471 (Tex. 1949). When real
property is acquired under a contract for deed or installment contract, the inception of title relates
back to the time the contract was executed, not the time when legal title is conveyed. Riley v.
Brown, 452 S.W.2d 548, 551 (Tex. Civ. App.--Tyler 1970, no writ). Thus, if one spouse entered
into a contract for deed before marriage, the property is separate property even if the conveyance
of legal title occurs during the marriage and the deed names both spouses as grantees. Dawson
v. Dawson, 767 S.W.2d 949, 949-51 (Tex. App.--Beaumont 1989, no writ). 

 It is well-settled that in ordering a division of property, the trial court may not
divest a party of his or her separate property. Cameron, 641 S.W.2d at 220; Eggemeyer, 554
S.W.2d at 142. Once the character of the property is fixed, the use of funds of another estate to
complete the purchase does not alter the character of the property, although the other estate may
be entitled to reimbursement for the funds contributed. Id. Similarly, the use of funds from
another estate to improve real property may entitle the contributing estate to reimbursement. 
Gutierrez v. Gutierrez, 791 S.W.2d 659, 663 (Tex. App.--San Antonio 1990, no writ). 

 Ms. Wilkerson testified that before marriage Mr. Wilkerson told her he was making
payments on a piece of property and showed her the Greenhills property. He told her that when
they got married they would build a house and rear a family there. For four or five years after
they were married, the Wilkersons used community funds to pay the balance of the purchase price
for the Greenhills property. Both Mr. and Ms. Wilkerson's names appear on the deed as grantees. 
Mr. and Ms. Wilkerson gave different reasons for this. 

 Mr. Wilkerson testified that he and Ms. Wilkerson talked about putting the
Greenhills property in both of their names for probate purposes only. Mr. Wilkerson explained
that shortly before their receiving a deed to the Greenhills property a friend of the family died. 
Because the friend's widow encountered problems with her homestead, he and Ms. Wilkerson
decided to have their grantor put the deed to the Greenhills property in both their names. Mr.
Wilkerson stated specifically that by including Ms. Wilkerson's name on the deed, he did not
intend to make a gift of any portion of the Greenhills property to Ms. Wilkerson.

 Ms. Wilkerson testified that while she remembered the death of the family friend,
she did not recall any conversation about putting the deed in both names for probate purposes. 
She recalled only that she and Mr. Wilkerson decided together to have both their names placed
on the deed. She also recalled that before she left to pick up the deed from the seller, Mr.
Wilkerson reminded her to be sure the deed was in both their names.

 After paying the balance due on the Greenhills property, the couple constructed a
house on the property. Rather than getting a loan to build the house and since Mr. Wilkerson was
in the construction business, the Wilkersons used leftover materials from his construction jobs and
traded work to build the house on the Greenhills property. They used community funds and labor
to construct the house. 

 It is undisputed, however, that Mr. Wilkerson contracted for the Greenhills
property and began making payments on the property before marriage. Consequently, absent
evidence of a transfer or gift by Mr. Wilkerson to Ms. Wilkerson, under the inception-of-title
doctrine the Greenhills property was Mr. Wilkerson's separate property. There is no finding that
Mr. Wilkerson transferred or gave Ms. Wilkerson an interest in the Greenhills property, nor is
that proved as a matter of law.

 If a mistake is made in the characterization of property, but the division is otherwise
equitable, the error is harmless and the division will not be disturbed on appeal. Magill, 816
S.W.2d at 533 (citing Duke, 605 S.W.2d at 410). Mischaracterization of separate property as
community property does not alone necessarily require reversal of a judgment. Magill, 816
S.W.2d at 533 (citing Mundy v. Mundy, 653 S.W.2d 954, 957 (Tex. App.--Dallas 1983, no
writ)). It is appellant's burden to prove that any disparity in the division was caused by the
mischaracterization of property and was of such substantial proportions that it constituted an abuse
of the trial judge's discretion. Magill, 816 S.W.2d at 533.

 Without findings of fact, it is impossible for us to determine why the property was
mischaracterized. The decree, however, did not divest Mr. Wilkerson of his interest in the
Greenhills property because the decree in fact awarded the property to him. Mr. Wilkerson has
not shown an abuse of discretion even though the property was mischaracterized. We will modify
the decree to reflect that the Greenhills property is Mr. Wilkerson's separate property.


The Constructive Trust. The decree impressed a constructive trust on the Greenhills property and
created an owelty lien, to secure a judgment debt in favor of Ms. Wilkerson, in the amount of
$85,000. Mr. Wilkerson contends there is no evidence or insufficient evidence to support the
constructive trust and lien. 

 When property has been acquired under such circumstances that the holder of the
legal title may not in good conscience retain the beneficial interest, equity may designate him a
trustee. Andrews v. Andrews, 677 S.W.2d 171, 173 (Tex. App.--Austin 1984, no writ). A
constructive trust does not arise because of a manifest intention to create it; rather it is imposed
in equity because the person holding the legal title to the property would otherwise profit by a
wrong or would be unjustly enriched. Id. (citing Omohundro v. Matthews, 341 S.W.2d 401, 405
(Tex. 1960)). A constructive trust is purely a creature of equity, its form is practically without
limit, and its creation arises from the circumstances. Id. (citing Simmons v. Wilson, 216 S.W.2d
847, 849 (Tex. Civ. App.--Waco 1949, no writ)). 

 A trial court may not impress an equitable lien against a spouse's separate property
simply to secure a just and right division of the community property. Heggen v. Pemelton, 836
S.W.2d 145, 146 (Tex. 1992). The court may, however, impose an equitable lien on one spouse's
separate property to secure a money judgment to the extent the judgment is awarded in
reimbursement for the community's improvement of the separate property. Id. 

 William Smith, an appraiser, examined the house and determined its fair market
value to be $170,000. This was the value reported in Mr. Wilkerson's inventory filed with the
court. As part of his evaluation and appraisal, Smith relied upon comparable properties. Smith
was aware the Greenhills property had at one time been listed on the market for $269,000 but
concluded the property was worth only $170,000 partly because of the unusual construction of the
house and some of the problems with the house. The house was built primarily of tilt-wall
concrete and had water penetration problems that caused mildew inside the house. Smith explained
that while tilt-wall concrete construction is routine for an industrial building it is an unconventional
construction method for a residential property. 

 We conclude the trial judge did not abuse her discretion by impressing a
constructive trust and imposing the $85,000 lien in favor of Ms. Wilkerson. Community funds
and labor were used to pay for the property and to build the house. Based upon that evidence, the
trial court could have determined Mr. Wilkerson would be unjustly enriched by being awarded the
Greenhills property free and clear of any obligation to reimburse the community estate. Without
the benefit of findings of fact and conclusions of law, we construe the order of the trial court as
imposing the lien to secure Ms. Wilkerson's share of the community-estate's right to
reimbursement. Mr. Wilkerson has not shown that the trial court's imposition of the lien in favor
of Ms. Wilkerson was manifestly unjust and constituted an abuse of the trial judge's discretion. 
The first point of error is overruled. 


The Money Judgment. Mr. Wilkerson also complains regarding the trial court's award to Ms.
Wilkerson of $61,060 from cash held by the construction business at the time of the original trial
of the case. Mr. Wilkerson argues the award was not fair and just to him or the children. Mr.
Wilkerson argues that the trial judge must have erroneously believed that the business had some
value despite his inventory statement, filed April 18, 1995, reporting that the sole-proprietorship
was then worth a negative $5000 and his testimony at trial that the business was worth a negative
$35,000. 

 Exhibits admitted at the hearing on the motion for new trial showed that in 1995
the business received $931,545.36 from one client. Additionally, at the time of the filing of Mr.
Wilkerson's inventory, there was an invoice to Pen-Bur Farms, dated April 3, 1995, for
$77,193.12. The invoice included the statement "total due now." Also admitted at the hearing
was an invoice for $24,959.76 submitted to Pen-Bur Farms thirteen days before trial; the invoice
was paid the same day. Mr. Penfield, an owner and operator of Pen-Bur Farms, testified that he
paid $45,000 on May 1, 1995, as a result of an invoice he received from Mr. Wilkerson on April
16, 1995, which was two days before Mr. Wilkerson filed his inventory. 

 Without the benefit of findings of fact and conclusions of law we presume the trial
court made all the necessary findings in favor of the judgment. Saldana, 791 S.W.2d at 318. 
Based upon the evidence, $147,152.88 was held by the construction business before trial. 
Construing the evidence in favor of the trial court's judgment, we conclude the trial judge did not
abuse her discretion in awarding Ms. Wilkerson judgment for $61,060 as part of the division of
the community property. The second point of error is overruled.


Conclusion


 We modify the trial-court judgment to reflect that the Greenhills property is Mr.
Wilkerson's separate property. We affirm the trial court judgment as modified.



 

 John Powers, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Modified and, as Modified, Affirmed

Filed: January 28, 1999

Do Not Publish





* Before John Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   "Owelty" is defined as an equalization charge, an equality. Black's Law Dictionary 1105 (6th
ed. 1990).



nt to the extent the judgment is awarded in
reimbursement for the community's improvement of the separate property. Id. 

 William Smith, an appraiser, examined the house and determined its fair market
value to be $170,000. This was the value reported in Mr. Wilkerson's inventory filed with the
court. As part of his evaluation and appraisal, Smith relied upon comparable properties. Smith
was aware the Greenhills property had at one time been listed on the market for $269,000 but
concluded the property was worth only $170,000 partly because of the unusual construction of the
house and some of the problems with the house. The house was built primarily of tilt-wall