NUMBER 13-08-00691-CV

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                         CORPUS CHRISTI -
EDINBURG


____________________________________________________________

 

MARIA DEL CARMEN SERENO,                                                Appellant,

 

                                                             v.

 

GALDINO SERENO,                                                                       Appellee.


____________________________________________________________

 

                           On appeal from the
389th District Court 

                                       of Hidalgo
County, Texas.

____________________________________________________________

 

MEMORANDUM OPINION

 

        Before Chief Justice Valdez
and Justices Yañez, and Garza

Memorandum Opinion by
Justice Yañez

 

            Appellant,
Maria Del Carmen Sereno, appeals from a divorce decree which ended her marriage
to appellee, Galdino Sereno, and divided the community estate.  By two issues,
Carmen contends that the trial court’s failure to file findings of fact and
conclusions of law was harmful error and the trial court abused its discretion
when it divided the community estate.  We affirm.[1]

I.          Findings of Fact and Conclusions of Law

            By
her first issue, Carmen contends that the trial court committed harmful error
by not filing findings of fact and conclusions of law.  Galdino responds that
Carmen failed to file a “Notice of Past Due Findings of Fact and Conclusions of
Law” as required by Texas Rule of Civil Procedure 297.

            Section
6.711 of the family code provides that in a suit for dissolution of marriage,
upon proper request, after rendering its judgment, the trial court must make
findings of fact and conclusions of law regarding the values of the community’s
assets, liabilities, claims, and offsets that were disputed at trial.[2] 
A request for findings of fact and conclusions of law requested pursuant to
section 6.711 “must conform to the Texas Rules of Civil Procedure.”[3]

            Rule
of civil procedure 296 provides, in pertinent part, that the request be
entitled “Request for Findings of Fact and Conclusions of Law” and filed within
twenty days after the judgment is signed.[4] 
Rule 297 provides that the trial “court shall file its findings of fact and
conclusions of law within twenty days after a timely request is filed.”[5] 
Rule 297 also provides that if the trial court fails to timely file its
findings of fact and conclusions of law, “the party making the request shall,
within thirty days after filing the original request, file with the clerk and
serve on all other parties in accordance with Rule 21a a ‘Notice of Past Due
Findings of Fact and Conclusions of Law.’”[6]

            When
a party fails to file the notice required by rule 297, the findings and
conclusions have not been properly requested.[7] 
“If a party does not file a notice of past due findings of fact and conclusions
of law when required, it is as if no initial request was made and the complaint
about the trial court's failure to file findings and conclusions is waived.”[8]

            In
this case, Carmen timely filed her request for findings of fact and conclusions
of law; however, the trial court did not make any findings or conclusions. 
Carmen failed to file a “Notice of Past Due Findings of Fact and Conclusions of
Law” pursuant to rule 297.  Carmen maintains that rule 297 does not apply in
this case because “[s]ection 6.711 does not require a second request.”  We
agree that section 6.711 does not specifically require a second request;
however, section 6.711 states that the request “must conform to the Texas Rules
of Civil Procedure,” and rule 297 of the rules of civil procedure requires that
when the trial court fails to file findings and conclusions upon initial
request, the requesting party must file a notice of past due findings of fact
and conclusions of law.  Carmen cites no authority, and we find none,
supporting a conclusion that when a party makes the request pursuant to section
6.711 of the family code, rule 297 is inapplicable.  On the contrary, based on
the unambiguous language of section 6.711, the request must comply with rule
297.[9] 
Therefore, because Carmen did not properly make her request, her complaint of
the trial court’s failure to file findings of fact and conclusions of law has
been waived.[10] 
We overrule Carmen’s first issue.

II.         Property Division

            By
her second issue, Carmen contends that the trial court abused its discretion in
its division of the community estate.  Carmen argues that the trial court
abused its discretion because no value was provided for many of the items
awarded in the divorce decree.

            A
trial court has wide discretion in dividing a community estate and that
division will only be disturbed on appeal upon a showing that the trial court
abused its discretion.[11] 
There is a presumption that the trial court properly exercised its discretion.[12] 
The trial court must divide the community estate in a manner that is just and
right.[13] 
The party complaining of the division of the community estate has the burden of
showing from the evidence in the record that the trial court’s division of the
community estate was so unjust and unfair as to constitute an abuse of
discretion.[14] 
A party who does not provide to the trial court values of the property cannot,
on appeal, complain of the trial court’s lack of information in dividing the
community estate.[15]

            Carmen
argues that the trial court abused its discretion by dividing the community
estate without evidence of its value.  Carmen appeared at trial and was
represented by counsel.  The trial court admitted into evidence Galdino’s
inventory with the values he attributed to each item; however, Galdino did not
provide a value for most of the property he requested to be awarded to Carmen. 
Carmen objected to the values listed in Galdino’s inventory; however, she
failed to provide evidence of the values of most of the items listed in the
inventory.[16] 
Furthermore, most of the items listed in Galdino’s inventory without a value
were awarded to Carmen.  Only one item awarded to Galdino did not have a
value—the amount of money in Galdino’s bank accounts.

            As
to the values of the parties’ commercial property and the family home, which
were disputed at trial, there is nothing in the record establishing the values
that the trial court attributed to each property.  The family home was awarded
to Carmen and the commercial property was awarded to Galdino.  Carmen presented
evidence that the family home’s value was between $140,000 and $150,000 and the
commercial property was valued at $550,000 to $575,000.  Carmen’s evidence of
the commercial property’s value included testimony from her expert witness,
Randall Summers, who provided a “Broker’s Opinion” of the property’s value. 
Summers stated that the “Broker’s Opinion” was not a full appraisal report. 
Galdino provided evidence that the county appraisal district placed a value of
$51,800 on the commercial property and offered an appraisal from Triple “R”
Realty & Appraisal Services stating that the property’s value was $217,000;
Galdino presented evidence that the family home’s value was $223,900.

            Carmen
cites Mata v. Mata for the proposition that the division of property
cannot be based on values not in evidence.[17] 
In Mata, this Court concluded that the trial court abused its discretion
because it gave some items in the estate values that were contrary to the
evidence presented at trial of those items’ values.[18] 
However, in this case, there is no evidence of the values that the trial court
gave to any of the property awarded, and Carmen did not provide evidence of the
value of most of the property awarded to her.

            This
Court stated in LeBlanc v. LeBlanc that

[t]he [trial] court is required to divide the property in
a manner that is just and right.  The values of the properties are evidentiary
to this issue.  It is the responsibility of the parties to the suit to produce
evidence of the value of various properties in order to provide the trial judge
with a basis on which to make the division.  One complaining of the action of
the trial court in dividing the property must be able to demonstrate from the
evidence in the record that the decision arrived at is so unjust and unfair as
to constitute an abuse of discretion.[[19]]

 

It
was Carmen’s responsibility to produce evidence of the value of the various
properties.  However, she did not avail herself of the opportunity to provide
values for most of the property awarded to each party; therefore, she cannot
now complain of the trial court’s lack of complete information.[20] 
Without knowing the values that the trial court gave to any of the items
awarded to each party in the divorce decree, we cannot determine the percentage
of the community estate that the trial court awarded to each party.  Thus,
Carmen has not shown from the record that the trial court’s division was so
unjust and unfair that it constitutes an abuse of discretion.[21] 
Accordingly, we overrule Carmen’s second issue.

III.        Conclusion

            We
affirm the trial court’s judgment.

 

 

                                                                                                LINDA
REYNA YAÑEZ

                                                                                                Justice

 

 

Delivered and filed the 

30th day of December, 2010.  

 

 

 









[1]
Because this is a memorandum opinion and the parties are familiar with the
facts, we will only discuss those facts necessary for the disposition of this
appeal.  See Tex. R. App. P.
47.1 ("The court of appeals must hand down a written opinion that is as
brief as practicable but that addresses every issue raised and necessary to
final disposition of the appeal.").





[2]
Tex. Fam. Code Ann. § 6.711(a)(2)
(Vernon 2006); see Panchal v. Panchal, 132 S.W.3d 465, 466 (Tex. App.–Eastland
2003, no pet.) (per curiam).





[3]
Tex. Fam. Code Ann. § 6.711(b).





[4]
Tex. R. Civ. P. 296.





[5]
Id. R. 297.





[6]
Id.





[7]
 Licata v. Licata, 11 S.W.3d 269, 272 (Tex. App.–Houston [14th Dist.]
1999, pet. denied).





[8]
 In re A.I.G., 135 S.W.3d 687, 694 (Tex. App.–San Antonio 2003, no
pet.).





[9]
See also Choate v. Choate, No. 13-01-575-CV, 2002 Tex. App. LEXIS 5842,
at *2 n.2 (Tex. App.–Corpus Christi, Aug. 8, 2002, no pet.) (mem. op.) (“Texas
Family Code section 6.711, effective September 1, 2001, requires trial courts
to make findings of fact and conclusions of law, concerning characterization
and values.  Here appellant did not comply with Texas Rule of Civil Procedure
297, requiring a notice of past due findings within 30 days after the original
request.  Although the new Family Code section went into effect after this case
was on appeal, the requirements under the rules of procedure remain the same.”)
(internal citations omitted).





[10]
See Licata, 11 S.W.3d at 272; see also; White v. White, No.
2-07-159-CV, 2008 Tex. App. LEXIS 5048, at **1-2 (Tex. App.–Fort Worth July 3,
2008, no pet.) (mem. op.) (finding that in a divorce action, appellant waived
his contention that the trial court failed to file findings of fact and
conclusions of law by not filing his notice of past due findings within the
specified period); Hendricks v. Hendricks, No. 2-05-304-CV, 2007 Tex.
App. LEXIS 5714, at *13 (Tex. App.–Fort Worth July 19, 2007, no pet.) (mem.
op.) (concluding that in a suit for dissolution of marriage, the party’s
complaint that the trial court failed to file findings of fact and conclusions
of law had been waived because the party had not complied with rule 297); Choate,
2002 Tex. App. LEXIS 5842, at *2 n.2; Crittenden v. Crittenden, No.
04-99-00933-CV, 2001 Tex. App. LEXIS 2316, at *4 (Tex. App.—San Antonio Apr.
11, 2001, pet. denied) (mem. op.) (stating that appellant in a divorce
proceeding had waived her complaint that the trial court failed to enter
findings of fact and conclusions of law because the appellant filed her notice
of past due findings of fact and conclusions of law late).





[11]
Tex. Fam. Code Ann. § 7.001
(Vernon 2006); Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); Zorilla
v. Wahid, 83 S.W.3d 247, 252 (Tex. App.–Corpus Christi 2002, no pet.).





[12]
Murff, 615 S.W.2d at 699.





[13]
Tex. Fam. Code Ann. § 7.001.





[14]
Vannerson v. Vannerson, 857 S.W.2d 659, 672 (Tex. App.–Houston [1st
Dist.] 1993, writ denied) (citing Wallace v. Wallace, 623 S.W.2d 723,
725 (Tex. Civ. App.–Houston [1st Dist.] 1981, writ ref'd n.r.e.)).





[15]
Id. at 670.





[16]
Carmen did provide evidence of the values of the family home and the commercial
property.  However, as the trier-of-fact, the trial court was free to
disbelieve Carmen’s evidence and believe Galdino’s evidence.  See City of
Fredericksburg v. Bopp, 126 S.W.3d 218, 223 (Tex. App.–San Antonio 2003, no
pet.) (providing that an appellate court must defer to the trial court on
credibility issues when evidence is disputed); Lifshutz v. Lifshutz, 61
S.W.3d 511, 515 (Tex. App.–San Antonio 2001, pet. denied).  (“When there is
conflicting evidence, the appellate court usually regards the finding of the trier
of fact as conclusive.”). Furthermore, the trial court did not make any
findings of fact stating what values it attributed to each property.





[17]
Mata v. Mata, 710 S.W.2d 756, 760 (Tex. App.–Corpus Christi 1986, no
writ).





[18]
Id.





[19]
Le Blanc v. Le Blanc, 761 S.W.2d 450, 453 (Tex. App.–Corpus Christi
1988), aff'd, 778 S.W.2d 865, 865 (Tex. 1989).





[20]
See Vannerson, 857 S.W.2d at 670.





[21]
See Wells v. Wells, 251 S.W.3d 834, 841 (Tex. App.–Eastland 2008, no
pet.) (refusing to conclude that the trial court abused its discretion because the
appellate court did not know what value the trial court assigned to some of the
community property); Siefkas v. Siefkas, 902 S.W.2d 72, 75 (Tex. App.–El
Paso 1995, no pet.) (“Without itemization or even citation to the sources of
the values he uses, this Court is unable to adequately assess the values of the
divided assets and liabilities, which assessment is a necessary predicate to
determining whether the trial court abused its discretion.  Because Appellant
bears the burden of demonstrating an abuse of discretion, but has failed to
provide us the information we require to examine his claim, we overrule Points
of Error Nos. One and Two.”); Vannerson, 857 S.W.2d at 669; see also
Coleman v. Coleman, No.-09-06-171CV, 2007 Tex. App. LEXIS 4852, at *7 (Tex.
App.–Beaumont June 21, 2007, no pet.) (mem. op.) (“Absent asset values and
factual findings, we presume that the trial court properly considered the
parties' circumstances and properly exercised its discretion in dividing their
property.”) (citing Magill v. Magill, 816 S.W.2d 530, 534 (Tex. App.–Houston
[1st Dist.] 1991, writ denied)); Choate, 2002 Tex. App. LEXIS 5842, at
*7 (“It is virtually impossible, without inventories admitted into evidence and
findings by the court, for us to ascertain the propriety of appellant's
claims.”) (internal citations omitted).