

# NUMBER 13-08-00691-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARIA DEL CARMEN SERENO,**                             **Appellant,**

**v.**

**GALDINO SERENO,**                                     **Appellee.**

---

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez, and Garza
Memorandum Opinion by Justice Yañez**

Appellant, Maria Del Carmen Sereno, appeals from a divorce decree which ended her marriage to appellee, Galdino Sereno, and divided the community estate. By two issues, Carmen contends that the trial court's failure to file findings of fact and

conclusions of law was harmful error and the trial court abused its discretion when it divided the community estate. We affirm.[1]

## I.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

By her first issue, Carmen contends that the trial court committed harmful error by not filing findings of fact and conclusions of law. Galdino responds that Carmen failed to file a "Notice of Past Due Findings of Fact and Conclusions of Law" as required by Texas Rule of Civil Procedure 297.

Section 6.711 of the family code provides that in a suit for dissolution of marriage, upon proper request, after rendering its judgment, the trial court must make findings of fact and conclusions of law regarding the values of the community's assets, liabilities, claims, and offsets that were disputed at trial.[2] A request for findings of fact and conclusions of law requested pursuant to section 6.711 "must conform to the Texas Rules of Civil Procedure."[3]

Rule of civil procedure 296 provides, in pertinent part, that the request be entitled "Request for Findings of Fact and Conclusions of Law" and filed within twenty days after the judgment is signed.[4] Rule 297 provides that the trial "court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed."[5] Rule 297

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will only discuss those facts necessary for the disposition of this appeal. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[2] TEX. FAM. CODE ANN. § 6.711(a)(2) (Vernon 2006); *see Panchal v. Panchal*, 132 S.W.3d 465, 466 (Tex. App.–Eastland 2003, no pet.) (per curiam).

[3] TEX. FAM. CODE ANN. § 6.711(b).

[4] TEX. R. CIV. P. 296.

[5] *Id.* R. 297.

2

also provides that if the trial court fails to timely file its findings of fact and conclusions of law, "the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law.'"[6]

When a party fails to file the notice required by rule 297, the findings and conclusions have not been properly requested.[7] "If a party does not file a notice of past due findings of fact and conclusions of law when required, it is as if no initial request was made and the complaint about the trial court's failure to file findings and conclusions is waived."[8]

In this case, Carmen timely filed her request for findings of fact and conclusions of law; however, the trial court did not make any findings or conclusions. Carmen failed to file a "Notice of Past Due Findings of Fact and Conclusions of Law" pursuant to rule 297. Carmen maintains that rule 297 does not apply in this case because "[s]ection 6.711 does not require a second request." We agree that section 6.711 does not specifically require a second request; however, section 6.711 states that the request "must conform to the Texas Rules of Civil Procedure," and rule 297 of the rules of civil procedure requires that when the trial court fails to file findings and conclusions upon initial request, the requesting party must file a notice of past due findings of fact and conclusions of law. Carmen cites no authority, and we find none, supporting a conclusion that when a party makes the request pursuant to section 6.711 of the family code, rule 297 is inapplicable. On the contrary, based on the unambiguous language of

---

[6] *Id.*

[7] *Licata v. Licata*, 11 S.W.3d 269, 272 (Tex. App.–Houston [14th Dist.] 1999, pet. denied).

[8] *In re A.I.G.*, 135 S.W.3d 687, 694 (Tex. App.–San Antonio 2003, no pet.).

3

section 6.711, the request must comply with rule 297.[9] Therefore, because Carmen did not properly make her request, her complaint of the trial court's failure to file findings of fact and conclusions of law has been waived.[10] We overrule Carmen's first issue.

## II. PROPERTY DIVISION

By her second issue, Carmen contends that the trial court abused its discretion in its division of the community estate. Carmen argues that the trial court abused its discretion because no value was provided for many of the items awarded in the divorce decree.

A trial court has wide discretion in dividing a community estate and that division will only be disturbed on appeal upon a showing that the trial court abused its discretion.[11] There is a presumption that the trial court properly exercised its discretion.[12] The trial court must divide the community estate in a manner that is just

---

[9] *See also Choate v. Choate*, No. 13-01-575-CV, 2002 Tex. App. LEXIS 5842, at *2 n.2 (Tex. App.–Corpus Christi, Aug. 8, 2002, no pet.) (mem. op.) ("Texas Family Code section 6.711, effective September 1, 2001, requires trial courts to make findings of fact and conclusions of law, concerning characterization and values. Here appellant did not comply with Texas Rule of Civil Procedure 297, requiring a notice of past due findings within 30 days after the original request. Although the new Family Code section went into effect after this case was on appeal, the requirements under the rules of procedure remain the same.") (internal citations omitted).

[10] *See Licata*, 11 S.W.3d at 272; *see also*; *White v. White*, No. 2-07-159-CV, 2008 Tex. App. LEXIS 5048, at **1-2 (Tex. App.–Fort Worth July 3, 2008, no pet.) (mem. op.) (finding that in a divorce action, appellant waived his contention that the trial court failed to file findings of fact and conclusions of law by not filing his notice of past due findings within the specified period); *Hendricks v. Hendricks*, No. 2-05-304-CV, 2007 Tex. App. LEXIS 5714, at *13 (Tex. App.–Fort Worth July 19, 2007, no pet.) (mem. op.) (concluding that in a suit for dissolution of marriage, the party's complaint that the trial court failed to file findings of fact and conclusions of law had been waived because the party had not complied with rule 297); *Choate*, 2002 Tex. App. LEXIS 5842, at *2 n.2; *Crittenden v. Crittenden*, No. 04-99-00933-CV, 2001 Tex. App. LEXIS 2316, at *4 (Tex. App.—San Antonio Apr. 11, 2001, pet. denied) (mem. op.) (stating that appellant in a divorce proceeding had waived her complaint that the trial court failed to enter findings of fact and conclusions of law because the appellant filed her notice of past due findings of fact and conclusions of law late).

[11] TEX. FAM. CODE ANN. § 7.001 (Vernon 2006); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Zorilla v. Wahid*, 83 S.W.3d 247, 252 (Tex. App.–Corpus Christi 2002, no pet.).

[12] *Murff*, 615 S.W.2d at 699.

4

and right.[13]   The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion.[14]   A party who does not provide to the trial court values of the property cannot, on appeal, complain of the trial court's lack of information in dividing the community estate.[15]

Carmen argues that the trial court abused its discretion by dividing the community estate without evidence of its value.  Carmen appeared at trial and was represented by counsel.  The trial court admitted into evidence Galdino's inventory with the values he attributed to each item; however, Galdino did not provide a value for most of the property he requested to be awarded to Carmen.  Carmen objected to the values listed in Galdino's inventory; however, she failed to provide evidence of the values of most of the items listed in the inventory.[16]   Furthermore, most of the items listed in Galdino's inventory without a value were awarded to Carmen.  Only one item awarded to Galdino did not have a value—the amount of money in Galdino's bank accounts.

As to the values of the parties' commercial property and the family home, which were disputed at trial, there is nothing in the record establishing the values that the trial

---

[13] TEX. FAM. CODE ANN. § 7.001.

[14] *Vannerson v. Vannerson*, 857 S.W.2d 659, 672 (Tex. App.–Houston [1st Dist.] 1993, writ denied) (citing *Wallace v. Wallace*, 623 S.W.2d 723, 725 (Tex. Civ. App.–Houston [1st Dist.] 1981, writ ref'd n.r.e.)).

[15] *Id.* at 670.

[16] Carmen did provide evidence of the values of the family home and the commercial property. However, as the trier-of-fact, the trial court was free to disbelieve Carmen's evidence and believe Galdino's evidence.  *See City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 223 (Tex. App.–San Antonio 2003, no pet.) (providing that an appellate court must defer to the trial court on credibility issues when evidence is disputed); *Lifshutz v. Lifshutz*, 61 S.W.3d 511, 515 (Tex. App.–San Antonio 2001, pet. denied). ("When there is conflicting evidence, the appellate court usually regards the finding of the trier of fact as conclusive."). Furthermore, the trial court did not make any findings of fact stating what values it attributed to each property.

court attributed to each property. The family home was awarded to Carmen and the commercial property was awarded to Galdino. Carmen presented evidence that the family home's value was between $140,000 and $150,000 and the commercial property was valued at $550,000 to $575,000. Carmen's evidence of the commercial property's value included testimony from her expert witness, Randall Summers, who provided a "Broker's Opinion" of the property's value. Summers stated that the "Broker's Opinion" was not a full appraisal report. Galdino provided evidence that the county appraisal district placed a value of $51,800 on the commercial property and offered an appraisal from Triple "R" Realty & Appraisal Services stating that the property's value was $217,000; Galdino presented evidence that the family home's value was $223,900.

Carmen cites *Mata v. Mata* for the proposition that the division of property cannot be based on values not in evidence.[17] In *Mata*, this Court concluded that the trial court abused its discretion because it gave some items in the estate values that were contrary to the evidence presented at trial of those items' values.[18] However, in this case, there is no evidence of the values that the trial court gave to any of the property awarded, and Carmen did not provide evidence of the value of most of the property awarded to her.

This Court stated in *LeBlanc v. LeBlanc* that

[t]he [trial] court is required to divide the property in a manner that is just and right. The values of the properties are evidentiary to this issue. It is the responsibility of the parties to the suit to produce evidence of the value of various properties in order to provide the trial judge with a basis on which to make the division. One complaining of the action of the trial court in dividing the property must be able to demonstrate from the evidence in

---

[17] *Mata v. Mata*, 710 S.W.2d 756, 760 (Tex. App.–Corpus Christi 1986, no writ).

[18] *Id.*

6

the record that the decision arrived at is so unjust and unfair as to constitute an abuse of discretion.[19]

It was Carmen's responsibility to produce evidence of the value of the various properties. However, she did not avail herself of the opportunity to provide values for most of the property awarded to each party; therefore, she cannot now complain of the trial court's lack of complete information.[20] Without knowing the values that the trial court gave to any of the items awarded to each party in the divorce decree, we cannot determine the percentage of the community estate that the trial court awarded to each party. Thus, Carmen has not shown from the record that the trial court's division was so unjust and unfair that it constitutes an abuse of discretion.[21] Accordingly, we overrule Carmen's second issue.

## III. CONCLUSION

We affirm the trial court's judgment.

---

[19] *Le Blanc v. Le Blanc*, 761 S.W.2d 450, 453 (Tex. App.–Corpus Christi 1988), *aff'd*, 778 S.W.2d 865, 865 (Tex. 1989).

[20] *See Vannerson*, 857 S.W.2d at 670.

[21] *See Wells v. Wells*, 251 S.W.3d 834, 841 (Tex. App.–Eastland 2008, no pet.) (refusing to conclude that the trial court abused its discretion because the appellate court did not know what value the trial court assigned to some of the community property); *Siefkas v. Siefkas*, 902 S.W.2d 72, 75 (Tex. App.–El Paso 1995, no pet.) ("Without itemization or even citation to the sources of the values he uses, this Court is unable to adequately assess the values of the divided assets and liabilities, which assessment is a necessary predicate to determining whether the trial court abused its discretion. Because Appellant bears the burden of demonstrating an abuse of discretion, but has failed to provide us the information we require to examine his claim, we overrule Points of Error Nos. One and Two."); *Vannerson,* 857 S.W.2d at 669; *see also Coleman v. Coleman*, No.-09-06-171CV, 2007 Tex. App. LEXIS 4852, at *7 (Tex. App.–Beaumont June 21, 2007, no pet.) (mem. op.) ("Absent asset values and factual findings, we presume that the trial court properly considered the parties' circumstances and properly exercised its discretion in dividing their property.") (citing *Magill v. Magill*, 816 S.W.2d 530, 534 (Tex. App.–Houston [1st Dist.] 1991, writ denied)); *Choate*, 2002 Tex. App. LEXIS 5842, at *7 ("It is virtually impossible, without inventories admitted into evidence and findings by the court, for us to ascertain the propriety of appellant's claims.") (internal citations omitted).

7

LINDA REYNA YAÑEZ
Justice

Delivered and filed the
30th day of December, 2010.